MONROE, C. J.
Plaintiff sues, as the widow of “Oy (or ‘Si’) Bradley,” for damages sustained by him and her in consequence of injuries received by him, and his death therefrom, which resulted, as she alleges, from the fault and negligence of the defendants. She obtained a verdict and judgment against the defendant named in the caption and the Southwestern Gas & Electric Company, its codefendant, in solido, and they have appealed therefrom. The same verdict and judgment discharged the third defendant, the Columbia Compress Company, and in that respect it has not appealed. Plaintiff has, however, filed an answer to the appeal taken by the other companies, in which she prays that the Columbia Compress Company be condemned in solido with them, and that the amount of the award be increased. The appellants complain, among other things, of the overruling by the trial judge of their objection to the manner in which two talesman were obtained for the completion of the jury, as follows:
“Be it remembered that, * • * while the jury was being impaneled, and after the regular venire had been exhausted, the court ordered the sheriff to summon tales jurors, wherever same could be found, whereupon counsel for defendants * * * objected, on the ground that the court could not summon tales-men in that manner. Talesmen were summoned, however, and one Jim Houston and J. L. McCook were called to the jury box. After being examined on their voir dire, counsel for the defendants objected to their being sworn and serving as jurors, on the ground and for the reason that Act 135 of 1898, which repeals all laws in conflict with the provisions of said act, provides that the court order the jury commission to summon tales jurors and takes it out of the hands of the court to do so in civil cases. But the court overruled the objection,” etc.
The statement per curiam reads:
“The provisions of the Code of Practice relating to civil trials is still in force, except in so far as same has been repealed by Act 135 of 1898. The Code of Practice provides the manner of summoning talesmen during the trial of the case and after a jury from the regular venire has been placed in the box. To hold that section 11 of Act 135 of 1898 is the only method of summoning talesmen, under such conditions, would be an unreasonable construction of the repealing clause of the act. To carry out the provisions of this section would mean delaying the trial of the eases already begun for three or four days in order that the jury commission might meet, draw talesmen from the box, and summon them, through the sheriff. We do not think it was the intention of the Legislature to do away with the provisions of the Code of Practice relative to tales jurors, but rather to furnish an additional method, when practicable.”
Counsel for plaintiff argues, in effect, that the objection came too late, because made after the trial had begun, after ten jurors had been selected, after the exhaustion of the venire drawn by the commission, and after the order to summon the talesmen had been made. But, conceding arguendo that the trial' had begun, though the jury had not been impaneled and sworn, no occasion arose for the making of the objection until the regular venire was exhausted. There is a difference between the counsel upon the question whether the objection was made only, when the tales jurors were actually presented, but the statement of the judge, as we take it, was indorsed on, or attached to,' the bill of exception, and it is to be presumed that in signing it the judge considered that he was signing the bill, which states that an objection was made to the order, as well as *1034 to the swearing of the talesmen on voir dire, and we accept the records so made as conclusive of the question.
The learned counsel for plaintiff calls the attention of the court to the following reasons why (defendants’) counsel’s hypertechnical objection can have no effect to wit (stating them in substance):
(1) That, as ten of the jurors came from the regular venire, and it required but nine to bring in a verdict, the fact that the two talesmen were irregularly summoned could have operated no injury to defendants.
(2) That, as this court reviews a civil case on the law and the facts, and, in the event of its reversal of a verdict and judgment appealed from, proceeds to render such judgment as should have been rendered, anfl does not remand the case, defendants can derive no benefit from their objection.
(3) That section 16 of Act No. 135 of 1898 reads:
“Be it further enacted, * * * that all objections to the manner of selecting or drawing the jury or to any defect or irregularity that can be pleaded against an array or venire must be urged before entering on the trial of the case; otherwise all such objections shall be considered as waived and shall not afterwords' be, -urged or heard.” (Italics by the counsel.)
(4) That article 513 of the Code of Practice authorizes tales jurors to be summoned, when needed, by the sheriff, upon the order of the judge.
[1-3] The answers to the suggestions thus offered are: (1) That a jury is a legal entity which must be legally constituted in all of its parts, and that there can be no such thing, in contemplation of law, as a jury ten members of which were selected according to law and two members of which were selected in disregard or violation of law; (2) that before bringing his case to this court by appeal a litigant is entitled to a trial in a competent tribunal of the first instance, and that a jury consisting of ten jurors legally selected and two illegally selected is not a competent tribunal; (3) that section 16 of the act of 1898, requiring that the objections .therein specified shall be urged before entering upon the trial of the ease, necessarily applies to matters with reference to which the occasion and opportunity for objection arise before entering upon the trial of the case.
[4, 5] The fourth suggestion is more serious.
Act 135 of 1898 is a general statute, applicable throughout the state (parish of Orleans excepted) to civil and criminal cases alike, and which purports, among other things, “to prescribe the manner of drawing juries and of selecting grand and petit juries, to confer on district judges certain discretionary powers in relation thereto, to provide for the summoning of jurors,” etc., and to repeal Act 99 of 1896 and all conflicting laws or parts of laws, save only in so far as such repeal might affect juries which might already have been drawn.
Section 4 of the act in question (amended and re-enacted by Act 58 of 1904) provides for the appointment of jury commissioners and prescribes their duties. The last paragraph of the section provides that:
“Whenever the judge shall deem proper, under the authority conferred by this act, to direct the commission to draw additional jurors, * * * no publication of the list shall be necessary, and the jurors so drawn may be summoned without delay, to try and determine the classes of criminal cases enumerated in article 116 of the Constitution, as well as all the others where a jury may be required.” (Italics by the court.)
Section 11 reads (quoting the pertinent matter):
“That, whenever the district judge thinks proper, he shall require the commission to select additional * * * jurors or talesmen pursuant to the formalities prescribed in section 4 of this act; * * * but nothing herein contained shall be so construed as to limit the right of the .judge in criminal cases, after the list of jurors or talesmen drawn by the commission is exhausted, after the trial has commenced, to order the summoning of talesmen from among the bystanders or persons in proximity to the court *1036 house, or from any portion of the parish, remote from the scene of the crime, which the judge may designate.” (Italics by the court.)
It will thus be seen that the section quoted, first provides that, “whenever the district judge thinks proper [meaning, as we conceive, whenever, in his opinion, the jurors or talesmen are needed], he shall require the jury commission to select additional * * * jurors or talesmen,” and that it then provides, as an exception to the rule so prescribed, that, in criminal cases, after the list of jurors and talesmen drawn by the commission is exhausted, he may order the sheriff to summon other talesmen. There is, however, no such exception in the act with regard to civil cases; so that, as to them, the rule that the judge shall require the commission to select additional talesmen remains unmodified. We have no means of knowing why the distinction between civil and criminal eases was made, and might suppose that it happened through inadvertence, but we find that, whereas in section 6 of Act 89 of 1894, p. 123, the exception makes no such distinction, the distinction appears in section 7 of Act 99 of 1896, and is reproduced in section 11 of Act 135 of 1898. Thus in the act of 1894 it reads, “but nothing herein shall be construed so as to limit the right of the judge to order the summoning of talesmen from among the bystanders,” etc.; the words, “in criminal cases,” following the word “judge,” as contained in the acts of 1896 and 1898, being omitted. It seems apparent, therefore, that those words must have been introduced into the act of 1896 deliberately and intentionally, and equally apparent that, having been introduced into an a.ct which applied to both civil and criminal cases, it was done with the intention of giving the judge authority in the one class of cases and withholding it in the other.
Considering the provision in question with reference to that contained in article 513 of the Code of Practice, if it be true, as we hold it to be, that, under the act of 1898, the judge is required to call upon the commission to draw such talesmen as, in his opinion, may be needed in a civil case, it follows necessarily that the provision of the Code of Practice to the effect that he shall in such case order the sheriff to summon the talesmen is in conflict with that requirement, and hence is within the terms of the repealing clause of the act in which it is contained.
Our conclusion then is that, as to the two appellants, the verdict appealed from was found by an illegally constituted body, and hence by a body without capacity or authority in the premises. On the other hand, the plaintiff and the third defendant, the Columbia Compress Company, submitted their differences to the tribunal by which it was tried and decided, and neither of them objected before it, nor do they object here, to the legality of its composition or its capacity.
Plaintiff, as we have stated, has filed an answer to the appeal asking that the judgment in favor of the Compress Company be reversed, and that it have judgment against that company in solido with the other defendants, but the request has not been urged, and our examination of the transcript has failed to disclose anything that would justify the granting of it.
It is therefore ordered that the verdict and judgment appealed from be annulled, in so far as they condemn the Shreveport Gas, Electric Light & Power Company and the Southwestern Gas & Electric Company, and, as to the plaintiff and said two defendants, that the case be remanded to the district court to be retried, according to law and to the views expressed in the foregoing opinion. It is further ordered that, as to the plaintiff and the Columbia Compress Company, said verdict and judgment be affirmed.
It is further ordered that plaintiff pay the *1038 costs of the appeal, and that the costs of the district court await the result of the retrial.