MARTIN *v.* GRAHAM.

[75 South. 447, Division A.]

WILLS. *Nature of instrument. Will or deed.*

Where an instrument though signed and acknowledged as a deed does not convey any specific interest in any property at that time owned by the makers, but simply attempts to grant whatever property the makers might own at their death, such an instrument is testamentary in character and not a valid deed under Code 1906, section 2752, providing, that any interest in or claim to land may be conveyed to vest immediately or in the future by writing etc.

APPEAL from the chancery court of Warren county.
HON. E. N. THOMAS, Chancellor.

Suit by Andrew Martin against Lucy L. Graham. From a decree for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Dabney & Dabney,* for appellant.

The question here is not what did the parties intend to say in the instrument at issue, nor what did they intend the instrument to be, but what is the nature of the instrument in legal contemplation. We think the language of the instrument is clear enough; there is no mistaking what it says; and we think it means what it says, which is that whatever property these old people should "die siezed and possessed of" was to go to Lucy Graham, subject to numerous special bequests mentioned. We are not concerned with that, however. The question for determination here is not what does the instrument say, but what kind of an instrument it is—a will or a deed. Citing 13 Cyc., p. 604, note 52, they say: "An instrument intended to operate as a deed should so operate if not legally impossible for it to do so." This is true, but we claim first that it was not the intention of these grantors that this instrument should so operate, and that had such been the intention, under our decisions it was "legally impossible" for it to so operate.

The Kansas case of *Nolan* v. *Otney,* 9 L. R. A. (N. S.), pp. 319, 320, in view of the decisions of our court, is wholly inapplicable, and besides in that case certain definite, specifically described, tangible property was conveyed, while in the case at bar only such property as the grantors "may die seized and possessed of" was to go to Lucy Graham and that subject to numerous special bequests.

In the case of *Regan* v. *Cochran,* 69 So. 291, cited by counsel for appellees on page 8 of their brief, this court never decided whether the instrument was a deed or a will because that proposition was not necessary to a disposition of the question in controversy. Whether a deed or will, the grantees or devisees, as the case may be, held and claimed by adverse possession, and so acquired title.

Again on page 9 counsel wail: "They had only one child, a foster child it is true, but one loved and esteemed and leaned upon to the same extent in all respects as if she were their own flesh and blood, and to this child they proposed to give and grant all of their estate of. every kind, real, personal and mixed, subject to the conditions and the considerations therein mentioned, but the grantors themselves to have the full benefit, use. and possession of the property during the remainder of their natural lives."

We do not find anything of this sort in the instrument. Had it conveyed all the property these old people then owned by a legal and correct description reserving to themselves a life estate in the same, it would have been a good and effectual deed. But it did not do that. Nowhere does it even intimate that such was their intention. They continued their ownership and control over the property after the execution of the instrument during the lifetime of themselves, and when they died whatever property they were then "seized and possessed of," was to go to their "foster child" Lucy L. Graham, subject to the special bequests. Indeed, it seems to us that Lucy Graham, who had never been adopted by them, instead of being their first consideration was their last, for, however little property they should leave behind, it would be subject, first to the special bequests to their brothers, sisters, nephews and half-brothers, etc., and Lucy would get the balance, if any. If the intention of the grantors themselves as to whether the instrument was intended to be a deed or a will were to control the fact that after its execution in 1900, they executed a deed to Warren County in 1902 to land for road purposes, shows conclusively what they intended, and emphasizes the ambulatory nature of the instrument, a characteristic never possessed by a deed. Coming down, now, to page 14 of appellee's brief, wherein they contend in substance that section 2762 of the Mississippi Code of 1906, makes a will a deed we have

only to say that "future estates" have been recognized in Mississippi since the Act of June 13, 1822, which act reads.

"An estate of freehold or of inheritance, may be made to commence in future, by deed, in like manner as by will," and this appears the same in the Mississippi Code of 1823, and in Hutchinson's Code of 1848. Thereafter the following cases cited by us, were decided by this court: *Harrington* v. *Harrington,* 2 Howard, 701; *Wall* v. *Wall,* 30 Miss. 91.

An innovation was then made in the law as appears by article 1, page 306, Mississippi Code of 1857. Counsel for appellees erroneously state that this innovation first appears as section 2284, Code 1871: "Any interest in, or claim to, real estate, may be disposed of by deed or will and livery of seizin shall not be necessary; and any estate may be made to commence in future by deed in like manner as by will."

This innovation continued up to the Code of 1880, section 1187. Between the Codes of 1857 and 1880 the following cases cited by us as supporting our contention were decided by this court: *Sartor* v. *Sartor,* 39 Miss. 760; *Cunningham* v. *Davis,* 62 Miss. 366.

The following cases were not cited by us as stated by opposing counsel on page 16 of their brief: *Edward* v. *Smith,* 35 Miss. 197; *McWillie* v. *Van Vackler,* 35 Miss. 428; *McDaniel* v. *John,* 45 Miss. 632; *Exum et al.* v. *Canty,* 34 Miss. 533. And after a careful reading we find nothing in them analogous to the principle of law here at issue.

We then come down to the further elaboration contained in section 1187 of the Code of 1880: "Any interest in or claim to land may be conveyed, to vest immediately or in the future by writing signed and delivered; and such writing shall have the effect to transfer, according to its terms the title of the person signing and delivering it, with all its incidents, as fully and perfectly as if it were transferred by feoffment with

livery of seizin, notwithstanding there may be an adverse possession thereof.''

And this has come down through section 2433 of the Code of 1892, and is now the law as section 2762 of the Code of 1906. In the last-named section the word ''indictments'' above appears as ''instruments;'' apparently a typographical error.

Now, we submit, that the above law section 1187, Code of 1880, is of no practical difference from the Law of 1857, *supra,* only an elaboration to make it more certain what the section should comprehend and we further submit that there is nothing in this section since the Code of 1880 that would make that a deed which was not, in legal contemplation, a deed, or which would make a deed which is, in legal contemplation, a will.

Counsel on page 14 of their brief in announcing our contention that the instrument is not a deed because the title to the property does not vest until at or after the death of the makers, state that we overlook our own statute—section 2762, Code of 1906—and, ''Also the fact that no case can be found in our state holding that view since this statute became the law and policy of this state.''

Our answer to this assertion is the case of *Simpson et al.* v. *McGee et al. supra,* decided by Chief Justice SMITH on December 18, 1916, No. 18591, not yet officially reported.

And the same is true in Texas where an estate of freehold or inheritance may be made to commence *in futuro* by deed of conveyance in like manner as by will (Texas Revised Statutes, Art. 556, Code of 1879), it having been held in the case of *Wren* v. *Caffrey,* 26 S. W. 142, that an instrument in form a deed conveying a designated homestead ''provided the grantors should not sell or dispose of the same before death'' was a will and not a deed.

In conclusion, we have this to say: Appellees stood upon two grounds: First: The alleged validity of the

instrument as a deed conveying *in praesenti* title to property which they, the grantors, "may die seized and possessed of; Second: And should they fail in this they fall back on the claim of title by adverse possession.

Neither is tenable. Indirectly our supreme court in the case of *Myers* v. *Veneretti,* 110 Miss. 334, decided what other courts have long held to be and what is bound to be the law, as cited in our brief in chief, that an instrument by which it is undertaken to convey property of which one "may die siezed and possessed" is testamentary in character. In the *Myers case, supra,* the instrument was a regular deed and conveyed certain specifically described land reserving to the grantors a life estate therein, and providing further: "And at their deaths the said second parties are to be the sole owners thereof, with the personal property of which they may die siezed and possessed."

This court held that said instrument, in so far as the land conveyed, was not a will, but a deed, which is correct, and which we construe to mean that so far as the personal property of which they may die seized and possessed is concerned, it is a will and so in the case at bar where none of the property is ascertainable until the grantors' death, the instrument is a will.

*Anderson, Vollor & Kelly,* for appellees.

We are confident that the instrument on its face, without and before knowing any of the circumstances connected with or concerning it, shows clearly that it was intended to be a deed and not a will, notwithstanding it may have some testamentary term embraced in it.

The maker óf the instrument called themselves "grantors," and called the conveying part a "grant," which are terms of a deed and not of a will. Then when they come to execute it they go before a justice of the peace in the city of Vicksburg and use the terms "signed and delivered" over their signatures. These are also

terms of a deed and not of a will. Then they acknowl-
edge it before this justice, and in that acknowledgment
say that they "signed and delivered" the instrument
on the day and year therein mentioned, an act never
required of a will, but always of a deed.

It will thus be observed that their signing and
delivery was according to the legal rule governing a
deed, and their acknowledgment was a certifying on
their part that it had thus been done, thereby meeting the
requirements necessary for a recording thereof.

The fact, we contend, that they used the testamentary
terms, "that we may die seized and possessed of,"
which are the only ones, we submit, that were used,
cannot possibly overcome the other parts of the in-
strument which go so clearly to show that it was in-
tended to be a deed the fundamental cannon of con-
struction of a deed is to ascertain the intention of the
parties in the execution of such. 13 Cyc., 601, *et seq.*; Y.
& M. V. R. R. Co. v. *Lakeview Trac. Co.*, 100 Miss. 281;
13 Cyc., 604; 13 Cyc. 608, & 609; 8 R. C. D. 1035, et seq.
13 Cyc. 618 & 619; *Nolan* v. *Otney,* 9 L. R. A. (N. S.), pp.
319-320; *West* v. *Wright,* 115 Ga. 277, 14 S. E. 602;
*Hunt* v. *Hunt,* 119 Ky. 39 L. R. A. 180, 82 S. W. 998;
*Regan* v. *Cochran,* 69 So. 291.

In the instant case, as stated above, to declare the
instrument a will makes it absolutely void, and de-
stroys entirely the intention and desire of the grantors.
To declare it a deed carries out to the letter the whole
purpose, desire and intention of these old people in
executing the instrument.

The sole contention, regardless of what the makers
intended and thought they had done, is that certain
testamentary terms were used in the instrument which
make it a will, but because it was not wholly written by
the makers themselves and, therefore, because it was
not witnessed by two or more witnesses as required by
law it is void as a will and ineffective as such, and
the property, therefore, must descend to this half

brother of Chaney A. Vaughn, whom both of them never intended should have more than one hundred dollars out of the proceeds of the property. But leaving for the time, the question of what the instrument itself shows, had we arrived at the full and complete intention of all parties connected with this transaction?

The rule, as stated above, is that, "Where a deed is of doubtful meaning, or the language used is ambiguous, the construction given by the parties themselves, as elucidated by their conduct or admissions, will be deemed the true one, unless the contrary be shown."

This "conduct or admissions", can only appear by the evidence adduced. All of the testimony taken in the case by the appellees was for the purpose of showing this intention, and we submit that there is not a syllable of proof in contradiction of the witnesses which we have introduced on that subject presented by appellant or arising out of any of the evidence in the case.

Another contention of appellant is that the instrument under consideration is not a deed because it is claimed that the title to the property conveyed does not vest until at or after the death of the makers or grantors.

Our answer to this contention is that, as pointed out in the testimony of all the witnesses bearing upon that point, the purpose and intention of the parties to the instrument was that the title was to vest at once in the appellees, but that the possession was to remain in the grantors until their death, at which time both title and possession should vest absolutely in appellees.

Under the Code of 1871, the first step was taken by our law-makers looking to an innovation upon the common law in this state. Section 2284 of the Code of 1871, which was the first statute appearing in any of the codes of Mississippi on the subject, is as follows: Any interest in or claim to real estate may be disposed of by deed or will, and livery of seizin shall not be neces-

sary; and any estate may be made to commence in future by deed in like manner as by wills.''

In the Code of 1880, section 1187, this idea is amplified and made, as we contend, to embrace all cases of the kind under consideration. That section reads as follows: ''Any interest in or claim to land may be conveyed, to vest immediately or in the future, by writing signed and delivered; and such writing shall have the effect to transfer, according to its terms, the title of the person signing and delivering it, with all of its incidents, as fully and perfectly as if it were transferred by feoffment with livery of seizin notwithstanding there may be an adverse possession thereof.''

This was the law of this state when the instrument in question was executed. This section has been brought down *in haec verba* into the Code of 1892 as section 2433 and was brought down into the Code of 1906 as section 2762. The head lines of this last section are as follows: ''Land conveyed to vest immediately or in future.''

This statute does not mean that the title to the land must vest immediately in the grantees, but that both the title and the possession thereof may be postponed until some future time for it says any interest in or claim to land may be conveyed, that is, the title to any interest in or claim to land may be conveyed to vest immediately or in the future'' by writing signed and delivered, as was done with the writing under consideration. Then it goes further and says that ''such writing signed and delivered'' as was done with the writing under consideration. Then it goes further and says that ''such writing shall have the effect to transfer the title of the person signing and delivering it as fully and perfectly as if it were transferred by feoffment with livery of seizin.'' No obscurity, no ambiguity, we submit, as to its plain and manifest meaning. *Harrington* v. *Harrington*, 2 How. 701 was decided in January, 1838; *Wall* v. *Wall*, 30 Miss. 91, was decided December Term, 1855; *Exum* v. *Canty*, 34 Miss. 544, was decided

October Term, 1857; *Edwards* v. *Smith,* 35 Miss. 187, was decided April Term, 1858; *McWillie* v. *Van Vackter,* 35 Miss. was decided October Term, 1858; *Sartor* v. *Sartor,* 39 Miss. 760, was decided October Term, 1861; *McDaniel* v. *Johns,* 45 Miss. 632, was decided October Term, 1871.

We submit, now, that we have answered in full and in detail every contention made by appellant material to the issue involved, and further submit that the chancellor was correct in his decision on every point so decided.

SYKES, J., delivered the opinion of the court.

The appellant, Andrew Martin, filed a bill in the chancery court of Warren county against appellee, Lucy Graham, in which bill he alleged that he was the sole heir at law of Chaney Vaughn, who died seized and possessed of certain property described in said bill, that the appellee, Lucy Graham, claims to be the owner of the property by virtue of a certain instrument, the material parts of which are as follows:

"State of Mississippi, Warren County, City of Vicksburg. Know all men by these presents, that we, Henry H. Vaughn, . . . and Chaney Ann Vaughn, his wife, for the natural love and affection we both have and bear Lucy L. Graham and her heirs, do grant and give to her and her heirs all and singular, all the property, real, personal and mixed that we may die seised and possessed of, out of the proceeds of same, we desire and request and so order that. . . . "

The paper then mentioned certain amounts of money to be paid to certain relatives—"and we, the grantors herein, in this connection, hereby desire and request our said niece, Lucy L. Graham, see that our bodies be decently interred at our death. The land above mentioned is described as follows, to wit."

Then follows a description of the real property owned by Henry and Chaney Vaughn at the time the instrument was executed and also owned by them at the time of their death.

"The property herein mentioned is in the name of P. H.Vaughn on the record, and is totally unincumbered and all taxes have been paid to this date.

"Signed and delivered this 8th day of February, 1900.

his<br>
"HENRY A. X VAUGHN.<br>
mark<br>
her<br>
"CHANEY A. X VAUGHN."<br>
mark

This paper was signed and acknowledged as if it were a deed. The appellee, Lucy Graham, in her answer claimed that she was the owner of this land by virtue of the execution of ths paper, which was in fact a deed; that it was the purpose and intention of the Vaughns to deed her this property, which they did. While there are some other questions raised in the case, the only material question to be decided by us is whether or not the above instrument is a deed or is testamentary in its nature. While it is in form a deed, at the same time there is no certain interest granted by it either to vest immediately or in the future. The important part of this paper is:

"All the property, real and personal and mixed that we may die seised and possessed of."

In other words, it is perfectly clear that the signers of this instrument did not mean to convey any specific interest in any property at that time owned by them, but simply were attempting to grant to Lucy Graham whatever property they might own at the time of their death. Certain charges were made on this gift; certain parties were to be paid certain sums of money out of the proceeds of this estate. Also the funeral expenses

of these parties were to be paid. All of these things show clearly that the Vaughns in this instrument were making provision as to the disposition of their property after their death. In other words, it was but an attempt to make a will in form a deed. This case is quite similar to the cases of *Simpson* v. *McGee,* 73 So. 55, and *Cox* v. *Reed,* 74 So. 330. The governing principle in these cases is the same, and the decision in this case is controlled by them.

It is earnestly insisted by counsel for appellee that this paper is a valid deed under section 2762 of the Code of 1906, which provides that any interest in or claim to land may be conveyed, to vest immediately or in the future by writing, etc. A similar provision has been in the statutory law of the state for many years. This section has no bearing whatever on the case. Under it any interest in property may be deeded to vest immediately or in the future, but the deed must be effective as conveying some interest in the property. In other words, the maker in the deed must part with his *jus disponendi* of the property to the extent of the deed in this case there was nothing which passed by the paper. Nothing was to take effect until after the death of the signers of it. The paper was similar to a will, in that the makers of same during their lifetime had the absolute power to dispose of any or all of the property as they saw fit. As a matter of fact, the record shows that some of the property was sold by the signers of the instrument. We do not think the testimony in the case shows that any mistake was made in the drawing of the paper, neither does it show that appellee has acquired title by adverse possession. The court below rendered a decree in favor of the defendant, Lucy Graham. This decree is reversed, and the cause remanded, to be proceeded with in accordance with this opinion.

*Reversed and remanded.*