TAYLOR *v.* RABY *et al.*

(Division A. May 11, 1936. Suggestion of Error Overruled June 8, 1936.)

[168 So. 59. No. 32247.]

**H. W. Gautier,** of Pascagoula, for appellant.

H. P. Heidelberg, of Pascagoula, for appellees.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Jackson county sustaining a demurrer to, and finally dismissing, the bill of complaint filed by the executor of the last will and testament of W. H. Hill, deceased, against the heirs at law of Mrs. Alice E. Hill, deceased, and the Merchants & Marine Bank of Pascagoula, Miss.

The bill of complaint and exhibits thereto show the following facts: In the year 1908, after the execution of an antenuptial agreement between them, dealing with their separate properties, the testator, W. H. Hill, was married to Mrs. Alice E. Hill, who was then the mother of four children by a former marriage. These parties lived together as husband and wife from the date of their marriage until the death of the wife on August 7, 1934, during which time they accumulated considerable

property, consisting of real estate and cash on deposit in the defendant bank, and the separate property mentioned in the antenuptial agreement became commingled. Shortly after the death of Mrs. Hill, her children and the said W. H. Hill entered into a contract for the recited purpose of finally and fully settling and determining the interest of the said W. H. Hill in the estate of his deceased wife as heir at law, and finally determining his separate interest in all property owned by them jointly and severally, or as tenants in common, and for the further purpose of avoiding litigation in reference thereto.

By this contract the children of Mrs. Hill conveyed to the said W. H. Hill a life estate in certain particularly described real estate, on which was located the residence and store building formerly occupied by the said Hill and wife. They also conveyed and delivered to the said W. H. Hill, without reservation, all the general stock of merchandise contained in the said store building, all the books of said business, accounts receivable, and all property pertaining to said mercantile business, subject to all the unpaid mercantile accounts, and also all poultry, cattle, and farm tools belonging to the said estate of Mrs. Hill, and one Ford automobile.

In addition to the above, they agreed to pay or cause to be paid to the said W. H. Hill one thousand five hundred dollars in cash out of funds on deposit in the Merchants & Marine Bank in the name of their deceased mother, and out of said funds they set aside the sum of three thousand dollars to be held and disbursed by the said bank in trust for the use and benefit of the said Hill, under the terms of a separate trust agreement copied in full in the contract. This trust agreement provided that the said bank, through its proper officers, should on the first day of each calendar month thereafter during the life of the said W. H. Hill pay to him in cash, or by deposit in said bank to his account, sub-

ject to check, the sum of one hundred dollars and charge it against the principal of said trust fund, and that the said bank should further pay to the account of the said Hill any amount necessary to provide him with medical attention and attention of physicians and nurses, in the event such services became necessary by reason of senility, sickness, or other disability. It was further provided that upon the death of the said W. H. Hill the trustee should first pay out of any balance remaining in said trust fund any unpaid balance of his funeral expenses not to exceed four hundred dollars, and then pay the balance of said trust fund, with any accumulations, to the said grantors, the children of Mrs. Alice E. Hill, or their heirs. By this contract the said W. H. Hill assumed the following obligation:

"And now in consideration of the property paid to and set over to my (W. H. Hill) separate interest and the establishment and performance of this trust, all as herein mentioned, I, the undersigned W. H. Hill, do hereby renounce, waive and relinquish all my rights in and to the estate of Alice E. Hill, deceased, wheresoever held or situated, arising either as heir at law or by virtue of intermingling of property or by virtue of the antenuptial contract above mentioned, except such property and rights as are herein set apart and conveyed to me. And for the consideration above named, I, the undersigned, W. H. Hill, hereby bargain, sell, and convey unto the above named parties of the second part, their heirs or assigns, share and share alike, all of the property, both real and personal and of whatsoever kind and nature, which I may own at the time of my death, and do hereby authorize said second parties, upon my death to take unto their possession all such property and to have and hold the same forever."

On the 14th day of November, 1934, shortly before his death, the said W. H. Hill executed a will providing for the payment of his debts and funeral expenses, and also

for the payment of certain designated legacies, with remainder to a designated legatee, and appointing Fred Taylor executor of said will. After the named executor had qualified, he filed the bill of complaint herein, setting out in detail the facts above stated and the provisions of the said will and contract of settlement between the said Hill and his stepchildren, appellees herein, and alleging that the said heirs of Mrs. Hill, deceased, were asserting a claim and right to all the money and other personal property, which under the terms of the said contract belonged to the estate of W. H. Hill, and that the said funds and property were necessary for the payment of expenses of the last illness and funeral and other debts of the deceased, and legacies under the will, and praying that the executor be decreed to be entitled to the possession of said money and other personal property, and also the sum of four hundred dollars out of the trust fund for the payment of funeral expenses.

This appeal involves the construction of the above-mentioned contract, and particularly that part thereof whereby the said W. H. Hill undertook to convey to the children of his deceased wife all of the property, both real and personal, which he might own at the time of his death, and to authorize the grantees upon his death to take possession of all such property and hold the same. This instrument was executed in the form of a deed, and it is the contention of the appellant that the above-quoted provision thereof is testamentary in character, and can have no operation as a deed.

It seems clear to us that this provision of the instrument does not convey, and was not intended to convey, any specific interest in any property then owned by the grantor, W. H. Hill, to vest immediately or in the future. By it nothing was to take effect until after the death of the grantor. During the lifetime of the grantor he had the absolute power and right to use and dis-

pose of the property as he saw fit, and by this provision he merely undertook to dispose of such property as he might own at the time of his death. In the case of Martin v. Graham, 114 Miss. 653, 75 So. 447, 448, the court had under consideration a very similar provision of an instrument by which the grantors undertook to convey "all the property, real, personal and mixed that we may die seized and possessed of," and it was held that since the instrument did not convey any specific interest in any property owned by the grantors at the time of the execution thereof, but only attempted to convey whatever property they might own at their death, it was testamentary in character and not valid as a deed. In Thomas v. Byrd, 112 Miss. 692, 73 So. 725, it was held that an instrument which did not convey any interest in property to vest immediately or in the future, but merely sought to cause whatever property the grantor might own at his death to vest when that event should occur, was testamentary in character, and could have no operation as a deed.

The doctrine announced in the two cases mentioned above is controlling here. The provision of the instrument under consideration herein does not purport to convey any present interest in any property, or any interest in any specific property to vest in the future, but merely undertakes to convey such property, if any, as the grantor might own at the time of his death. The provision of the instrument is therefore testamentary in character, and can have no operation as a deed. The decree of the court below will be reversed and the cause remanded.

Reversed and remanded.