SIMPSON ET AL. *v.* McGEE ET AL.

[73 South. 55.]

WILLS. *Construction. Instrument taking effect at death of grantor.*

Where it is clear from the language of an instrument in the form
of a deed that it was the donor's intention that the instru-
ment itself, should not take effect, for any purpose, until after
the death of the maker, it must be held to be testamentary in
character, and therefore not a deed.

APPEAL from the chancery court of Newton county.
HON. G. C. TANN, Chancellor.

Suit by Monk Houston McGee and others against
Julia Simpson and others. From a decree for plaintiff,
defendant appeals.

The facts are fully stated in the opinion of the court.

*Byrd & Byrd,* for appellants.

The only question to be determined by the court in
this case is whether or not the instrument on page 16 of
the record is a deed or a will. If it be a deed then the
case should be affirmed; if a will then it should be re-
versed. We respectfully submit that it is a will. The
clause in the instrument that determines its character is
as follows: "This to take effect only after the death of
the said Harriet Houston."

In determining whether an instrument be a will or a
deed, the question is, did the maker intend to convey
any estate or interest whatever, to vest before her death
and upon the execution of the instrument, or did she
intend that all the interest and estate should take effect
only after her death? If the former, it is a deed; if
the latter, a will; and it is immaterial whether she
called it a will or deed, the instrument will have oper-
ation according to it's legal effect. The instrument
under consideration is in form a deed and acknowledged
as a deed, yet it is clear from the terms of the instrument

that it was not to take effect only after the death of the grantor, or the maker thereof. That being true all the authorities hold that it is testamentary in character and therefore cannot be upheld as a deed. The word "only" as used in this instrument determines its character: "This to take effect only after the death of the said Harriet Houston," the grantor. This test is upheld by every authority that we have been able to find on the subject. Delvin on Deeds (2 Ed.), sec. 855C; *Wall* v. *Wall*, 30 Miss. 91; *Sartor* v. *Sartor*, 39 Miss. 760; *Cunningham* v. *Davis*, 62 Miss. 366; *McDaniel* v. *Johns*, 45 Miss. 632.

Appellee, defendant in the lower court, filed a demurrer to plaintiff's bill to test the question as to whether the instrument sued on here was a will or a deed; the court overruled the demurrer which in our opinion was error. Thereupon an answer was filed and proof taken as shown by the record. If the acts and declarations of the maker of the instrument are to be taken into consideration in determining its character then the testimony in this record overwhelmingly shows that the maker of the instrument intended it to be a will. Some years after the execution thereof she made inquiries as to whether she could deed the property after she made a will and was advised that she could. She then, immediately thereafter, executed a warranty deed without any reservations whatever conveying the property to appellants.

We respectfully submit that the proof in this case has nothing whatever to do with the question at issue. The construction of the instrument alone is the question to be dealt with.

*W. I. Munn,* for appellee.

It is sought in the bill of complaint filed by the appellees in the chancery court of Newton county Mississippi, to cancel the deed made to appellee Julia Simpson also to cancel the two Hill deeds of trust. Appellants

filed a demurrer to the bill of complaint, which was overruled, and the appellants were given sixty days in which to file an answer, the answer was filed out of time and after which testimony was taken and the case was submitted, on bill, answer, cross-bill, and proof, and a decree was rendered in favor of the appellee, granting the prayer of the bill. From the opinion of the chancellor the case comes to this court.

Now the instrument executed by Harriet Houston to the appellees on the 5th day of March, 1894, has all the earmarks of deed except the phrase, ''to be and take effect only after the death of the said Harriet Houston.'' We think that there would be no difference if this clause read, ''at the death of Harriet Houston.'' ''At death'' and ''after death,'' are synonymous terms, and mean the same. This clause in the instrument is the only wording that is of a testamentary character, and all other parts of the instrument are of the nature of a deed; everything is certain and fixed.

When this document was executed and delivered it was placed beyond the control of the donor. No provision was made for revocation. Surely the donor Harriet Houston intended the document for a deed and not a will. She placed it beyond her reach when she executed and delivered it to the donees who immediately came into possession of the property, furnished money to pay the taxes and built houses on the land. The deed was immediately delivered over to Monk Houston one of the appellees who had the same recorded, and who has had possession of the deed since that time.

This makes the conveyance conclusive as a deed and not a will. And further taking the conveyance as a whole and viewing it from its legal effect, only, and not considering it in the light of the testimony as a whole it has the effect of a deed and not of a will. All parts of the conveyance are akin to a deed and not a will; it has a consideration; it warrants the title; it is acknowledged as a deed; it is delivered, and acceptance pre-

sumed under the law. This is upheld in the case of *Wall* v. *Wall,* 30 Miss. 91, and cited by counsel for appellants.

The case of *Sartor* v. *Sartor,* cited in 39 Mississippi, page 360, is different from the case at bar, this deed or instrument was based upon contingencies, and no interest *in praesenti* passed to the donee. In the case of *McDaniel* v. *Joh,* 45 Miss. 632, it was held to be a deed as in the Wall Case. The instrument under consideration in the Wall and McDaniel cases had more the similarity of wills than the one at bar, and in each instance our court held them to be deeds and not a will.

The Cunningham case cited by counsel has no bearing on the case at bar as we read it; considering the case in the light of the demurrer and on the face of the record there seems to be no question that the donor Harriet Houston, intended the instrument as a deed and not a will. If we accept the testimony as competent it then appears that the donees came in possession of the property, paid the taxes and otherwise improved the estate. We submit that the case should be affirmed.


SMITH, C. J., delivered the opinion of the court.

On the 5th day of March, 1894, Harriet Houston executed and delivered to Babe, Monk, and Lutie Houston an instrument in writing, in form a deed, conveying certain property, and containing the following provision: "This to take effect only after the death of said Harriet Houston." On the 17th day of October, 1904, Harriet executed and delivered to Julia Simpson a regular deed to the same property. Both of these instruments were properly acknowledged, and the first was filed for record in the office of the chancery clerk of Newton county on the 9th day of April, 1895, and the second on the 22d day of November, 1904. After the death of Harriet, which occurred in 1905, Babe, Monk, and Lutie Houston, appellees herein, filed a bill in the

court below, praying for the cancellation of the deed
executed by Harriet to Julia, and also of two deeds of
trust which Julia had given on the property. Julia,
the trustee, and beneficiaries in the deeds of trust given
by her, who were made parties defendant to this bill,
filed an answer and cross-bill, praying for the cancel-
lation of appellees' claim to the property. The decree
was in accordance with the prayer of the original bill.

If the instrument executed by Harriet, under which
appellants claim title to the land, is a deed, the decree
of the court below is correct; if it is not a deed, but is
testamentary in character, the decree is erroneous. It
is clear from the language hereinbefore quoted from
this instrument that it was the donor's intention that
the instrument itself should not take effect, for any
purpose, until after her death; consequently, under the
rule announced in *Wall* v. *Wall,* 30 Miss. 91, 64 Am.
Dec. 147, and applied in *Sartor* v. *Sartor,* 39 Miss. 760,
and *Cunningham* v. *Davis,* 62 Miss. 366, it must be held
to be testamentary in character, and therefore not a deed.

Reversed, and decree here in accordance with the
prayer of appellants' cross-bill.

*Reversed.*