LOVEJOY ET AL *v.* McKIBBEN ET AL.

[74 South. 281, Division B.]

1. ADVERSE POSSESSION. *Sufficiency of evidence.*

   In an action of ejectment to recover the overlappage of conflicting surveys, where a fence had been erected by the parties in 1903 in reliance on a survey then made and which was discovered to be erroneous in 1911 when a new survey was made, the court *held* that the evidence was not sufficient on the part of defendants to show their adverse possession under the first survey.

2. EJECTMENT. *Pleading. Description of land.*

   Where the declaration in ejectment described the lands sought to be recovered as "a strip of twenty-four acres, more or less, off the north end of the east half of the Southeast quarter of section 22, township 12, range 3, west" it was a sufficient description.

3. ADVERSE POSSESSION. *Pleading.*

   Pleading setting up statutes of adverse possession, should specify the period of adverse possession relied upon so the adverse party may have notice of the exact period of time the adverse possession is alleged to have existed and defendant having elected one period is bound by such election, and must make her case as alleged in her plea.

4. ADVERSE POSSESSION. *Proof. Acts of ownership and control.*

   A person relying upon adverse possession must prove such possession and such acts of ownership and control by the claimant as would notify the world of his claim.

113 Miss.—24

APPEAL from the circuit court of Calhoun county.
Hon. J. L. Bates, Judge.

Consolidated suits by J. A. McKibben and H. H. McKibben against Mrs. M. A. Lovejoy and Thomas Summers. From judgments for plaintiffs, defendants appeal. The facts are fully stated in the opinion of the court.

*R. F. Kimmons,* for appellants.

*Creekmore & Stone,* for appellees.

ETHERIDGE, J., delivered the opinion of the court.

J. A. McKibben and H. H. McKibben filed separate suits in the circuit court of Calhoun county against Mrs. M. A. Lovejoy and Thomas Summers in ejectment for possession of lands described in the declarations. The two cases were consolidated in the court below and tried together, and resulted in judgments in favor of plaintiffs. In cause No. 2720 in the court below the demand was for the possession of "a strip of land sixty-six yards wide off the north end of the south half of section 22, township 12, range 3 west, except the east half of the southeast quarter of said section." The demand in cause No. 2721 below was for the possession of a strip of land off of the north end of the east half of the southeast quarter of section 22, township 12, range 3 west, containing twenty-four acres more or less. The defendants below plead the general issue of not guilty, and further plead the statute of limitations, alleging in this plea that the plaintiff ought not to have a recovery in this cause for the reason that at and before the bringing of this suit defendant had been in open, notorious, adverse possession of the lands described in plaintiff's declaration for more than ten years next preceding the bringing of said suit, etc.

J. A. McKibben seems to have bought the entire tract of land involved in the suits from one Robinson, a brother-in-law of Mrs. Lovejoy, and, after buying, sold H. H. McKibben, a son, a portion known as the east half of the southeast quarter of section 22, township 12, range 3 west. The facts show that prior to the purchase by Mc-

Kibben of the lands in question Mrs. Lovejoy had occupied one part and Robinson another part of the lands adjoining each other; and that after the McKibbens bought from Robinson that McKibben, desiring to know the exact line of his land, procured a survey thereof by one McGuire, and, according to the survey made by McGuire, the dividing fence between Mrs. Lovejoy and McKibben was north of McGuire's line. Thereupon McKibben, believing at the time that this was the correct line, moved the fence on the McGuire line. This occurred, according to the evidence of the surveyors and of McKibben, in the year 1903, and according to Mrs. Lovejoy about the year 1901, though she testifies she is not absolutely sure of the time, and that she paid McKibben her portion of the costs of the survey in the year 1903.

McKibben, being advised that the line was incorrect in 1911, secured the services of the county surveyor and had the line retraced, starting from established corners of government surveys. This survey placed the line sixty-six yards north of the McGuire line, and McKibben in 1911 brought suit for possession of the strip between the two lines. It seems to be fully established from the evidence that the line run in 1911 was the correct line, and that the McGuire line run in 1903 was an incorrect line, which resulted from the fact that the land in question lies near the boundary line between Calhoun and Yalobusha counties, and that McGuire got his starting point from some point in Yalobusha county which did not correspond with the Calhoun county positions. In other words, McKibben shows a complete paper title to the land in controversy. We think the evidence fails satisfactorily to show adverse possession on the part of Mrs. Lovejoy and Mr. Summers.

One of the chief points relied on by counsel for appellant for reversal is the void description, so claimed, in the declaration of H. H. McKibben *versus* the defendant, the appellant, which is described as "a strip of twenty-four acres, more or less, off the north end of the east half

of the southeast quarter of section 22, township 12, range
3 west." The description of so many acres off the north
end of a tract of land is a good description. *Henderson
Harris* v. *Horrace Byers*, 73 So. 614, and authorities cited
in that opinion. Another point relied upon is instruc-
tion No. 6 for the plaintiff, which reads as follows:

"The court instructs the jury that if they believe from
the evidence that the Byers survey is correct, and that
defendant has not shown that she had adverse possessoin
of the land in controversy for ten years next before
bringing of the suit, then the jury should find for the
plaintiff."

It is contended that this instruction prevented plain-
tiffs' recovery, even though she had been in possession
for a ten-year period preceding the filing of the suit; in
other words, that she was entitled to show possession
for a ten-year period any time so long as ten years had
not run against her in favor of the plaintiff, even though
the period did not continue up to the date of the bring-
ing of the suit. In pleadings setting up statutes of ad-
verse possession they should specify the period of ad-
verse possession relied upon so the adverse party might
have notice of the exact period of time the adverse pos-
session is alleged to have existed. Having elected to
plead the ten years next preceding the filing of the suit,
and not having alleged any other period during which
there was any adverse possession, the defendant was
bound to make her case as alleged in her plea. There
does not appear, however, to have been satisfactory proof
of adverse possession for any period of ten years.

We do not think there is any error in the other instruc-
tions. A person relying upon adverse possession must
prove such a possession and such acts of ownership and
control by the claimant as would notify the world of his
claim.

We find no reversible error in the record, and the cause
is accordingly affirmed.

*Affirmed.*