### Cox *v*. Reed.

[74 South. 330, Division A.]

1. EVIDENCE. *Parol evidence. Intent of parties.*

Where an instrument is plain and unambiguous and the intention of those who executed it is ascertainable from a reading thereof, parol evidence as to such intention is not admissible.

2. WILLS. *Will or deed. Time of taking effect.*

Where an instrument in the form of a deed from parents to a child in consideration of one dollar and love and affection provided that "this deed shall take and be in effect on and after the death of myself and wife" such language shows that it was the donor's intention that the instrument should not take effect for any purpose until after the death of the donor and consequently it must be held to be testamentary in character and therefore not a deed.

Appeal from the chancery court of Tippah county.

Hon. J. G. McGowen, Chancellor.

Suit by Mrs. Nannie Cox against Chas. M. Reed. From a decree for defendant, complainant appeals.

The facts are fully stated in the opinion of the court.

*Spight & Street,* for appellant.

We insist that the paper in controversy was in law not a deed but a will, and that the concluding words, "this deed to take and be in effect after the death of myself and wife," show clearly that it was testamentary in its character and not a deed.

In the Alabama case of *Traywick v. Davis,* 5 So. 83, 85 Ala. 343, find this language on page 84: "To have and to hold the same to the said George N. Traywick and Elijah A. Traywick forever; but this conveyance is not to take effect and be in force till my death, my purpose and intention being to reserve a life estate for myself in all of said property, and at my death to pass absolutely to said George N. Traywick and Elijah A. Traywick, and to them alone." In that opinion the court further said: "If the words 'this conveyance' is not to take effect and be in force till my death," stood alone they would clearly indicate that no estate or interest should pass upon the execution of the instrument."

In *Powers v. Sharling,* 64 Kan. 343, the court in delivering the opinion said: "In determining whether an instrument be a deed or a will the question is: Did the maker intend to convey any estate or interest whatever to vest before his death, and upon the execution of the paper, or, on the other hand, did he intend that all the interest and estate should take effect after his death? If the former, it is a deed; if the latter, a will." *Cunningham v. Davis,* 62 Miss. 366.

Counsel for appellee cites the case of *Myers v. Viverett,* 70 So. 449, in that case there was a distinct reservation of the life estate to the grantor and for this reason, and this

alone, the court held that it was a deed and not a will. It will be further seen by an inspection of the paper there under consideration that there was no such clause as appears in the case at bar, "that this deed shall take and be in effect on and after the death of myself and wife," nor in the latter is there any reservation of title. We have seen from the authorities heretofore cited that these two provisions have an important bearing upon the construction of such an instrument. The courts evidently hold that where there is a deed absolute in form with a reservation of a life estate to the grantor it means that the title vest at once, but possession postponed until the death of the grantor. In testamentary disposition no such reservation is necessary, and the language of the paper here under consideration shows clearly, in the light of the authorities, that it was not to take effect in any respect until the death of the grantor, and is, therefore, a will and not a deed.

We therefore, respectfully, again insist that this court ought to reverse the decree of the lower court and enter judgment in accordance with the prayer of the original bill.

*Thos. E. Pegram,* for appellee.

The question as to whether certain instruments are to be construed as deeds or wills has been before this court repeatedly. Probably the leading case is that of *Wall* v. *Wall,* 30 Miss. 91. The principles laid down in that case have been the law in this state all these years down to the case of *Myers* v. *Viverette,* 70 So. 449.

The instrument under consideration is similar to that in the *Wall case, supra,* in these respects: First, each purports to be a deed of conveyance in consideration of love and affection; and second, each was acknowledged as a deed duly executed and delivered. In the instant case the deed was actually delivered to the grantee while in the Wall case it was recited in the instrument that the signing and sealing and the placing of the instrument

among the grantor's papers should be considered as de-
livery. In the Wall case the gantor reserved the right to
revoke the instrument, while in this case the instrument
was not revokable. In the Wall case the instrument was
to take effect as to the delivery of the property on the
death of the grantor, while in this case the instrument was
to take effect on the death of the grantor and his wife.
There is this other striking similarity between the two
cases: In the Wall case the grantor made a deed and
likewise made a will disposing of other property, and in
this case the grantor made this deed and likewise gave
oral instructions as to the manner in which he wanted the
personal property disposed of. In the Wall case the
court decided that the instrument was a deed. We sub-
mit, that in view of the facts that the instrument in ques-
tion was irrevokable, that it was actually delivered, that
the grantor recognized it as a deed, that on the grantee's
reaching majority half of the land was assessed to the
grantee and the other half to the grantor, and that when
part of the land was sold both the grantor and grantee
signed the deed and received the purchase price thereof,
that the case made out by appellee is a much stronger
case than was the Wall case.

The case of *Rogers* v. *Rogers* (Miss.), 43 So. 434, is
a case in which the phrase "to take effect and be in force
after my death," was found in a deed, and the court held
that that instrument was a deed and not a will.

It is true that in *Cunningham* v. *Davis,* 62 Miss. 368,
this court there held that an instrument somewhat in the
nature of the one under consideration was a will and
not a deed, but it will be noticed that that instrument was
never delivered to the grantee, and the grantor, keeping
it in his possession, reserved the right to alter, change,
or abolish the deed as he so desired during his life, and
that the instrument was not to take effect until after
the death of the grantor and that of his wife. In that
case the decision of the court was based alone upon the
recitals of the instrument, to the effect that it was re-

vokable, was to take effect on and after the death of the grantor, and that the grantee was to have only the remainder of the estate after the payment of the debts of the grantor. A review of the case of *McDaniel* v. *Johns,* 45 Miss. 682, shows that it follows the rules laid down in the Wall case and is an authority in support of our contentions.

It is, perhaps, true that if the chancellor had simply had the instrument alone without any testimony as to the circumstances of its execution, delivery and acknowledgment, without any testimony as to the intention of the grantor in the acts and conduct of the grantor at the time of and after the execution of the instrument, he would have been troubled to determine whether the instrument was a deed or a will; but since the rules of procedure in our courts permit the hearing of testimony on all of these matters in order to determine the true intention of the grantor, or the testator, as the case may be, we think there was no other course for the chancellor to pursue except to find that this instrument was a deed and not a will. Hence we think the case should be affirmed.

Sykes, J., delivered the opinion of the court.

The appellant, Mrs. Nannie Cox, filed her bill in the chancery court of Tippah county against Charles Reed, the appellee, in substance alleging that appellant and appellee are sister and brother, and that their father, Allen Reed, died seised and possessed of the lands involved in this controversy. The bill further alleges that Allen Reed and his wife in 1901 executed an instrument in writing which was intended as a will, devising the land in controversy to appellee; that this instrument was not properly witnessed as a will, and is therefore void; that the deceased, Allen Reed, left surviving his as heirs and distributees the appellant and the appellee. It then prays that the lands involved in this controversy be sold for a division of the proceeds. The answer of appellee denied that the instrument executed by Allen Reed was

intended to be a will, but that it was in fact a deed.   Appellee attempted by parol testimony to prove that Allen Reed intended the instrument to be a deed, and not a will. The chancellor sustained the contention of the appellee, and held that the instrument was a deed, and dismissed the bill of appellant, from which decree this appeal is prosecuted.

The sole question presented to this court for decision is whether or not this instrument be a deed or whether it be testamentary in character.   The instrument reads as follows:

"State of Mississippi, Tippah County.

"Be it known that for and in consideration of the natural love and affection I have for and do bear toward Charley M. Reed, my son, and for one dollar cash in hand paid to us the receipt of which is hereby acknowledged, I hereby grant bargain sell and convey and warrant to him and to his heirs and assigns forever the following described property in said county of Tippah, Mississippi: All that portion of the north-east quarter of section sixteen in township three of range three east except what has heretofore been sold off.   This deed shall take and be in effect on and after the death of myself and wife.

"Witness our signatures the 29th day of November, 1901.

his<br>
"A. X Reed.<br>
mark<br>
her<br>
"Mary An X Reed.<br>
mark

"State of Mississippi, Tippah County.

"Personally appeared before me, E. C. McElwain, a justice of the peace of said county and state, the within-named A. Reed and his wife, Mary An Reed, who acknowledged. that they signed and delivered the foregoing instrument on the day and year therein mentioned.

"Given under my hand this 29th day of November, 1901.                    E. C. McElwain, J. P.

"State of Mississippi, Tippah County.

"I, J. W. Street, clerk of the chancery court, do hereby certify that the foregoing deed was filed for record the 6th day of May, A. D. 1913, at 9 a. m., and was recorded the same day. This the 6th day of May, 1913.

"J. W. Street, Clerk."

We think the intention of Allen Reed and his wife, who executed this instrument, can be ascertained from a reading of the instrument, which is plain unambiguous. It therefore follows that it was error of the lower court in admitting parol testimony relating thereto. Jones, Commentaries on Evidence, vol. 3, section 454 *et seq.*

In *Wall* v. *Wall*, 30 Miss. 91, 64 Am. Dec. 147, the court, in discussing the difference between a deed and a will, summarizes the rule as follows:

"In the one case [a deed] the conveyance takes effect *in praesenti*, to a certain extent; in the other it has no effect whatever until the death of the testator."

See, also, *Sartor* v. *Sartor*, 39 Miss. 772.

In the case of *Cunningham* v. *Davis*, 62 Miss. 366, this court says:

"If by it any present interest was vested it should be held to be a deed. If it was not to have any operation or effect until the death of the maker it could not be treated as a deed, although it was so named, and is in form a deed."

This court in the case of *Simpson* v. *McGee*, 73 So. 55, a case in which the instrument construed, in legal effect, is similar to the one above quoted, had the following to say:

"It is clear from the language hereinbefore quoted from this instrument that it was the donor's intention that the instrument itself should not take effect, for any purpose, until after her death; consequently under the rule announced in [citing authorities] it must be held to be testamentary in character, and therefore not a deed."

See, also, *Thomas* v. *Byrd*, 73 So. 725.

.The clause in this instrument, "This deed shall take and be in effect on and after the death of myself and wife," clearly shows the intention of the signers of this instrument that it was not to be in any way operative or effective until after their death. No interest whatever was vested *in praesenti* in the grantee, "Charley M. Reed." It therefore follows that the instrument was not a deed.

*Reversed and remanded.*