KELLY *v*. COVINGTON.

[81 South. 485, Division A. No. 20666.]

</div>

WILLS. *Nature of instrument. Will or deed.*

Where an instrument provided that the signor in consideration of the donee careing for her during her life, did "bargain, sell, convey and warrant" to him, certain lands, and further provided that the conveyance should not take effect until the death of the signor, such an instrument was testamentary in character and was not a valid deed under Code 1906, section 2762 (Hemingway's Code, section 2266) providing that any interest in land may be conveyed to vest in the future.

APPEAL from the chancery court of Union county.
HON. A. J. McINTYRE, Chancellor.

Suit by Mrs. A. L. Covington against L. S. Tally.
From a decree for complainant, defendant appeals. ⸜

The facts are fully stated in the opinion of the court.

*S. R. Knox,* for appellant.

A careful comparison of this instrument and the evidence offered by appellant with that of certain instruments held to be testamentary in character will clearly show the difference in this and those writings and will show under the weight of authority that this instrument should be construed as a deed. The evidence here offered but which was excluded by the court below shows clearly that a deed was here intended and not a will. For a definite consideration, Mrs. Payne used the following terms of conveyance: "This day bargain, sell, convey and warrant." The words, "This day bargain, sell, and convey" pass a present interest. If it "passes a present interest which vest from time of execution," it is a deed though the possession and enjoyment of the estate do not accrue to the grantee till a future time. 1 Underhill on Laws of Wills, page 45, sec. 37. If described as a deed "with general warranty" it is a deed and irrevocable. *Pennington* v. *Lawrence,* 65 S. W. 120, 23 Ky. Law Reports 1340.

Grantor did that which she had a legal right to do under section 2266, Hemingway's Annotated Code (1917), which reads: "Any interest in or claims to land may be conveyed, to vest immediately or in the future by writing, signed, delivered," etc. There is no decision of any state which more clearly announces the rule than in *McDaniel* v. *Johns et ux.,* 45 Miss. 642-3, which says, in reference to such instruments: "Are deeds which upon their execution and delivery convey to the grantee in each particular instance a present interest, and estate in present, though to be

occupied and enjoyed *in futuro*," "and such convey-
ances, when they have once been executed and delivered,
cannot be recalled. Nor will a court of equity inter-
fere but will leave the parties where it finds them as
to title," citing with approval, *Wall* v. *Wall,* 30 Miss.
91. A careful examination of all the Mississippi cases
will show the *Wall* v. *Wall case* is cited as authority in
the latest decisions. In *Simpson* v. *Magee,* 73 S. 55,
there was no such provision as "only to be defeated by
a failure of consideration," clearly differentiating that
case. It is characteristic of a deed that it carries a
consideration—a will, a gift.

The *Simpson* v. *Magee case* approves the rule laid
down in the Wall Case. In the Wall case, Justice HANDY
made several observations before reaching a conclusion,
to-wit: First, "The consideration, making it a deed of
gift;" Second, "It is in form a deed;" Third,
"It was executed and delivered;" Fourth, "He in-
tended to do more than could be done by a will, to-wit:
Give a present right to be enjoyed *in futuro,* subject to
be defeated only by failure in the mode specified; Fifth,
"It is lawful to make this kind of contract," to take
effect in possession at death of grantor; Sixth, "This
deed conveyed the present right to the property to be
enjoyed in possession at grantor's death subject to his
power to annul it in the way limited by the deed. A
present interest vests which will take place in posses-
sion *in futuro* unless defeated in the mode and terms
stated."

The *Simpson* v. *Magee case* also cites the *Cunning-
ham* v. *Davis case,* 62 Miss. 366: There is all the dif-
ference in the last case and the case at bar. That in-
strument stipulated, "That I now own or may own at
my death." "I reserve the right to alter, change or
entirely abolish this" clearly making that instrument
testamentary.

Likewise, The *Sarter* v. *Sarter case,* 39 Miss. 760, is
cited in the Magee case. The instrument in the Sarter

case was properly held to be testamentary because of the clause, "I give during her widowhood, and if she marries it is to go to," etc., clearly showing the devisee was not to have the property unless she became a widow and unless grantor died, showing the instrument was not to take effect until after his death.

There is all the difference in the case at bar and the *Thomas* v. *Byrd case,* 73 So. 725, which was testamentary. There the brothers prepared a will and contract so that no survivor could interfere "with the business being conducted" in event of death of any partner, and the instrument detailed "the intention of the parties."

None of these late cases overruled *R. O. Edwards* v. *Williams Smith,* 35 Miss. (George Vi) 197, which held the instrument was intended to operate as a deed. although the instrument provided that it was made "in view of possibilities of dissolution," and appointed a guardian for his boy.

The Wall, Sarter, Magee and Byrd cases are cited with approval in *Cox* v. *Reed,* 74, So. 330. In the last case the conveyance was clearly a gift having that characteristic of a will and there was no valuable consideration, simply love and affection, with the formal one dollar.

*Fred B. Smith,* for appellee.

The whole question before this court is whether the instrument from Mrs. A. B. Payne to the appellant, containing as it does the language, "But this conveyance is not to take effect until the death of the First party (Mrs. A. B. Payne)," is a deed, or is testamentary in character. Numerous recent Mississippi cases have fully and conclusively decided this question. *Cox* v. *Reed,* 113 Miss. 488; *Simpson* v. *McGee,* 112 Miss. 344; *Thomas* v. *Byrd,* 112 Miss. 692; *Cunningham* v.

*Davis,* 62 Miss. 366. Each and every one of these cases holding that an instrument in the form of a deed, but having no effect until the death of the grantor, was testamentary in character and not a deed.

Appellant contends that the fact that the instrument from Mrs. Payne to him used the language: "This day bargain, sell and convey," makes it a deed. This identical language was used in the instrument which was by the case of *Cunningham* v. *Davis,* 62 Miss. 366, held to be testamentary; as was also the case with the instrument in the case of *Cox* v. *Reed,* 113 Miss. 488.

He further contends that the fact that there was a warranty clause, a stated consideration and a delivery, shows that the instrument was in the nature of a deed. The instrument in controversy in the case of *Cox* v. *Reed,* stated a consideration, had a warranty clause, and the instrument was delivered and recorded; this was also true of the case of *Simpson* v. *McGee,* cited above. In the instrument in the case of *Cunningham* v. *Davis,* there was a valuable consideration and a warranty clause. And in all three cases the court held the instruments to be testamentary in character.

In view of the decisions, not only in Mississippi but in numerous other states, the clause, "But this conveyance is not to take effect until the death of the first party," clearly makes the instrument from Mrs. A. B. Payne to appellant testamentary in character. It cannot be said that Mrs. Payne was retaining a life estate in the land, for under the terms of the instrument the very conveyance itself was to have no effect until her death; that being true no present interest whatever passed by the instrument, but the same was to have no effect until a certain time, which time was the death of Mrs. Payne. If no present interest passes, but the conveyance is to have effect only at the death of the grantor then the instrument is testamentary in character and not a deed. This is supported by the follow-

ing: *Wall* v. *Wall,* 50 Miss. 91; *Sarton* v. *Sarton,* 39 Miss. 77; *Cunningham* v. *Davis,* 62 Miss. 366; *Simpson* v. *McGee,* 112 Miss. 344; *Thomas* v. *Byrd,* 112 Miss. 692; *Cox* v. *Reed,* 113 Miss. 488; *Traywick* v. *Davis,* 5 So. 83, 85 Ala. 343; *McGarrigle* v. *Catholic Orphan Asylum,* 145 Cal. 694, 1 L. R. A. (N. S.), 315; *Power* v. *Sharling,* 64 Kan. 343; *Murphy* v. *Gabbart,* 166 Mo. 596, 89 Am. St. Rep. 733; *Serber* v. *Balster,* 66 Ga. 317; *Barnes* v. *Stephens,* 107 Ga. 441; *Donald* v. *Nesbit,* 89 Ga. 290; *Pinkham* v. *Pinkham,* 55 Neb. 729; *Ferris* v. *Neville,* 89 Am. St. Rep. 494, and numerous other authorities, including 13 Cyc. 521, and authorities thereunder cited.

This case is so exactly similar to the *Cunningham* v. *Davis case,* the *Cox* v. *Reed,* the *Thomas* v. *Byrd* and the *Simpson* v. *McGee cases,* all cited above, and all recent Mississippi cases, and the instrument from Mrs. Payne to appellant is so like the instruments therein held to be testamentary in character, we wonder how learned counsel for appellant can contend that the same is a deed.

If the instrument from Mrs. Payne to appellant which appellee, complainant below, asked cancelled as a cloud on her title, was testamentary in character, then no interest, right or title whatever passed from Mrs. Payne to appellant thereunder. The title still being in Mrs. Payne she had a perfect right to deed the same to appellee. Being a *bona-fide* purchaser for a valuable consideration without notice, for the instrument from Mrs. Payne to appellant being testamentary in character had no right of record as a deed, and was therefore not constructive notice, the appellee acquired an absolutely valid title to said property free from any claim of appellant, and having such title had a perfect right to have the purported claim of appellant cancelled as a cloud on her title, and the court was exactly right in cancelling the said instrument.

SYKES, J., delivered the opinion of the court.

The appellee, Mrs. A. L. Covington, filed a bill in the chancery court against the appellant, L. S. Kelly, to cancel an instrument of writing signed by Mrs. A. B. Payne, which instrument will be fully set out herein below. Some time subsequent to the execution of this instrument Mrs. Payne by deed conveyed the lands involved in this controversy to the appellee. The lower court sustained the prayer of the bill, from which decree this appeal is prosecuted.

The only point at issue is whether or not this instrument of writing below set out conveyed any interest whatever in the lands in question to the appellant. This instrument reads as follows:

"Mrs. A. B. Payne to L. S. Kelly.

"This contract made by and between Mrs. A. B. Payne, party of the first part, and L. S. Kelly, party of the second part, witnesseth: That for and in consideration of the said second party caring for and providing the said first party with sufficient food, clothing, medical attention and general care during her natural life, she does this day bargain, sell, convey and warrant the second party the following land, to wit: The north forty-one (41) acres of the northwest quarter of section 13, township 7, range 4 east, in Union county, Miss. But this conveyance is not to take effect until the death of the first party, at which time it shall be in full force and effect, only to be defeated by a failure of consideration herein named by the party of the second part.

"The said second party is to receive all of the rents and income from said premises and to defray all expenses incident to the protection and care of same during his occupancy.

"Witness my signature October 25, 1915.

MRS. A. B. PAYNE."

"Witness: R. C. Bell and W. H. Goddard.

"State of Mississippi, County of Union.

"Personally appeared before me, C. S. Cullens, chancery clerk in and for said county and state, R. C. Bell, one of the subscribing witnesses to the foregoing contract, who, being first duly sworn, deposeth and sayeth that he saw the within named Mrs. A. B. Payne, whose name is subscribed thereto, sign, and deliver the same to the said L. S. Kelly, that this deponent subscribed his name as a witness thereto in the presence of the said Mrs. A. B. Payne, and that he saw other subscribing witness, W. H. Goddard, sign the same in the presence of the said Mrs. A. B. Payne and that the witnesses signed in the presence of each other on the day and year therein named.

"Given under my hand and seal, at office, this, the 25th day of October, 1915.

"C. S. CULLENS, Clerk."

Though this instrument is called a contract, the first part of it is similar to a deed. Following, however, that part is the sentence:

"But this conveyance is not to take effect until the death of the first party, at which time it shall be in full force and effect, only to be defeated by a failure of considerations herein named by the party of the second part."

This sentence expressly states that the instrument is not to be operative until the death of Mrs. Payne. The last clause in the instrument in reality conveys nothing, but states that Kelly is to receive the rents and the income and defray the expenses during his occupancy. By it he is not conveyed the right of possession nor anything else.

The plain and unambiguous part of the instrument is that part which states that it shall not take effect until the death of Mrs. Payne.

In the case of *Martin* v. *Graham,* 114 Miss. 653, 75 So. 447, it was held that under section 2762, Code of 1906 (section 2266, Hemingway's Code):

"Any interest in property may be deeded to vest immediately or in the future, but the deed must be effective as conveying some interest in the property. In other words, the maker in the deed must part with his *jus disponendi* of the property to extent of the deed. . . . Nothing was to take effect until after the death of the signers of it."

The case of *Cox* v. *Reed,* 113 Miss. 488, 74 So. 330, *Simpson* v. *McGee,* 112 Miss. 344, 73 So. 55, and *Thomas* v. *Byrd,* 112 Miss. 692, 73 So. 725, are all directly in point and sustain the decree of the lower court.

*Affirmed.*