## KNIGHT *et al. v.* KNIGHT.

(Division A.   Sept. 24, 1923.)

[97 South. 481.   No. 23674.]

1. WILLS. *Test to determine whether instrument will or deed stated; instrument will operate according to legal effect regardless of denomination given by maker.*

   In determining whether an instrument is a deed or a will, the controlling question is whether the maker intended to convey any estate or interest whatever to vest before his death and upon the execution of the writing, or whether he intended that all the interest and estate attempted to be conveyed should take effect after his death. If the former, it is a deed; if the latter, a will. And it is wholly immaterial whether the maker calls it a will or a deed, for the instrument will have operation according to its legal effect.

2. WILLS. *Instrument having formalities of deed reserving life estate with remainder to grantee to vest on death of grantor held will.*

   If an instrument, although it has 'the formalities of a deed and is acknowledged and recorded as such, attempts to reserve a life estate to the grantor and convey the remainder to the grantee, but provides that such remainder estate shall not take effect until after the death of the grantor, such an instrument is a will and not a deed, and failing of proper attestation according to the statute of wills is void.

APPEAL from chancery court of Tunica county.

HON. C. L. LOMAX, Chancellor.

Proceedings between Dorothy Thomas Knight and others and Lucy Wells Knight. From the decree rendered, the former appeal. Affirmed and remanded.

*J. Lake Roberson,* for appellant.

This court has construed numerous instruments as deeds or wills, and has announced the rule, applied it, and reiterated and followed it down through a number of years. Among the decisions of the court, that in *Wall* v. *Wall,* 30 Miss. 91, probably best announces the rule, which was

followed later in the case of *Simpson* v. *McGee,* 73 So. 55.
In this latter case, the court observed as reason for the
rule   as applied to the instrument there considered, the
necessity of: (1) A consideration to make it a deed of
gift.   (2) Is it in form a deed?   (3) Was it executed
and delivered?   (4) Did he intend to do more than could
be done by a will; to-wit: give a present right to be en-
joyed in future, subject to be defeated only by failure
in the mode specified?   (5) Is it lawful to make this
kind of a contract (a contract as there considered) to
take effect in possession at death of the grantor?   (6)
Did the deed convey the present right to the property
to be enjoyed in possession at grantor's death, subject
to his power to annul it in the way limited by the deed
which will take place in possession in future unless de-
feated in the mode and terms stated?   The instrument
here for construction meets each and all of the foregoing
tests.

In determining the construction to be placed upon this
instrument, the court will consider the contemporaneous
construction which Mr. Knight and the defendants placed
on the instrument and will ascertain the intention of the
parties.   See *Y. & M. V. R. R. Co.* v. *Lake View Traction
Company,* 100 Miss. 281, 56 So. 393.

The title to the lands vested in the defendants when
the deed was placed of record.   *Cannon* v. *Holberry Merc.
Co.,* 108 Miss. 102; 1 Underhill on Laws of Wills, page
45, section 37; *McDaniel* v. *Johnson,* 45 Miss. 642; *Rogers*
v. *Rogers,* 43 So. 434; Page on Wills, par. 54.   By the
instrument here in controversy, Mr. Knight conveyed and
there vested in his daughters, a property right in the
lands conveyed and therefore we respectfully submit the
instrument is a deed, and not testamentary in character.

*Maynard, Fitzgerald & Venable,* for appellee.

The question is: Is this instrument a deed or is it an
instrument testamentary in character?   The granting
part of the instrument is ambiguous as to what interest

in the lands the grantor intended to convey. It is only by looking at the last clause of this instrument that we can understand what remainder interest he speaks of in the granting clause of the deed. The case is exactly on all-fours with *Kelly* v. *Covington,* 119 Miss. 664. See, too, 30 Miss. 91; 39 Miss. 760; 45 Miss. 632; 62 Miss. 366; 112 Miss. 348; 113 Miss. 488; 114 Miss. 653; 115 Miss. 354; Page on Wills, page 54; *Simpson, et al.* v. *McGee,* 112 Miss. 344.

Unquestionably the conditions in the instrument expressive of Mr. Knight's intention that the instrument should not take effect until after his death, stamp it as testamentary in character, and show clearly that it is a will and not a deed. *Trawick* v. *Davis,* 5 So. (Ala.) 83; *Cunningham* v. *Davis,* 62 Miss. 366.

. The rule for the determination of the character of an instrument, whether it be a deed or a will, is governed by this query: Did the maker intend to convey any estate or interest whatever to vest before his death, and upon the execution of the paper, or on the other hand, did he intend that all the interest and estate should take effect after his death? If the former, it is a deed; if the latter, it is a will. See 64 Kansas, 343; *Morgan* v. *Haywood,* 115 Miss. 354. The instrument in controversy is in fact a will and not a deed, and, as a will not executed according to law, is therefore void.

ANDERSON, J., delivered the opinion of the court.

This is an appeal to settle the principles of the cause from a decree of the chancery court of Tunica county. The question involved is whether the following instrument of writing is a will or a deed:

"For and in consideration of the sum of ten dollars to me this day cash in hand paid, the receipt of which is hereby acknowledged and for the futher consideration of love and affection which I have for my two daughters Corneil Carmarck Knight and Dorothy Thomas Knight, who are

now both minors, I convey and warrant to them and their children after them, a remainder interest in certain tracts or parcels of land situate in the county of Tunica and state of Mississippi, the same being more particularly described as follows: [Description of land omitted.]

"But this deed is made under the following conditions, to-wit:

"That I, Woodson T. Knight, reserve for my benefit and for the benefit of my assigns a life interest in all of said lands and the possession, use and occupation of the same during my life after which this conveyance is to go into effect and my said daughters at the time of my death are to become possessed of an indefeasible title in fee simple to all of said lands with remainder interest in their children at the time of their death.

"Witness my signature this the 7th day of Sept., 1917.

[Signed] W. T. KNIGHT."

If this instrument is a will, it is void, because not attested according to the statute of wills. It will be observed it has the formalities of a deed. It was acknowledged by the maker as a deed, and was duly recorded as such.

In determining whether an instrument is a deed or a will the controlling question is: Did the maker intend to convey any estate or interest whatever to vest before his death and upon the execution of the writing? Or, on the other hand: Did he intend that all the interest and estate in the land attempted to be conveyed should take effect only after his death? If the former, it is a deed; if the latter, a will. It is wholly immaterial whether he calls it a will or a deed, for the instrument will have operation according to its legal effect. *Wall* v. *Wall,* 30 Miss. 91, 64 Am. Dec. 147; *Thomas* v. *Byrd,* 112 Miss. 692, 72 So. 725; *Simpson* v. *McGee,* 112 Miss. 344, 73 So. 55, 11 A. L. R. 4; *Cox* v. *Reed,* 113 Miss. 488, 74 So. 330, 11 A. L. R. 5; *Kelly* v. *Covington,* 119 Miss. 658, 81 So. 485.

In the first paragraph of this instrument the maker, W. T. Knight, attempts to convey to his two daughters

"and their children after them" the remainder interest in his lands. Then in the last paragraph, following the description of the lands, he reserves to himself the use and occupation of said lands during his life (quoting from the instrument), "after which this conveyance is to go into effect and my said daughters at the time of my death are to become possessed of an indefeasible title in fee simple to all said lands with remainder interest in their children at the time of their death."

Although the maker probably intended to reserve to himself the use and occupation of his lands for the period of his life with remainder in his daughters to take effect before his death, the instrument plainly fails to so provide. On the contrary it provides in unmistakable terms that the interest attempted to be conveyed to his daughters shall not take effect until after his death. In other words, no interest was conveyed to his daughters which was to take effect before the death of the grantor. He parted with nothing to take effect during his lifetime; he could have at once conveyed a fee simple title to some one else. Therefore his daughters got nothing.

We hold, under the rule laid down in the above authorities, that this instrument is a will and must fail because not executed and attested according to our statute of wills. The court below so held.

*Affirmed and remanded.*