ATES *et al. v.* ATES.

(Division B. May 27, 1940. Suggestion of Error Overruled Sept. 4, 1940.)

[196 So. 243. No. 34149.]

**Heidelberg & Roberts**, of Hattiesburg, for appellants.

**R. C. Russell**, of Magee, and **Homer Currie**, of Raleigh, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Appellee, L. C. Ates, filed a bill in the chancery court against his father, mother, sister and brother, W. N., Beulah, Oscar and Mrs. Minnie Ates, guardian, in which he sought to have the title to a tract of land cancelled as against his father, W. N. Ates, and the other relatives mentioned.

The strength of his case rests upon the validity of an instrument which was executed by W. N. Ates, his father, and Beulah Ates.

The instrument upon which the appellee's case rests and upon which he must stand or fall is as follows:

"State of Mississippi

"Smith County

"For and in consideration of the sum of One Dollar cash in hand to us paid by Oscar Ates, the receipt of which is hereby acknowledged upon the delivery of these presents, and the natural love and affection we have for our son, Oscar Ates, we hereby convey and warrant to the said Oscar Ates the following described lands situated in Smith County, Mississippi, to wit: $N\frac{1}{2}$ of $NE\frac{1}{4}$, and $NE\frac{1}{4}$ of $NW\frac{1}{4}$, Section 13, Township 1 North, Range 6 East.

"It is provided herein and made a part hereof, that this deed is not to take effect until the death of W. N. Ates one of the grantors except that the grantee is to have a home on said land. It is further provided herein and made a part hereof that Mrs. W. N. Ates, the other grantor, is to have a home on said land so long as she may live thereon after the death of her said husband, the said W. N. Ates, provided she remains single, but should she marry again this right would hereby cease.

"It is further provided herein and made a part hereof that Lillie Mae Ates and Gwendolyn Ates, Grantor's Daughters, are also to have a home on said land so long as they may live or remain single, but in case they marry or either of them this right will cease as to the one or both that marries.

"Witness our signatures, this the 9th day of September, 1921.

"W. N. Ates,

"Mrs. W. N. Ates, X her mark.

"State of Mississippi

"Smith County

"Personally appeared before me, the undersigned authority in and for said county and state, W. N. Ates, and his wife, Mrs. W. N. Ates who acknowledged that they signed and delivered the foregoing warranty deed as their act and deed for the purposes therein mentioned.

"Given under my hand and official seal, this the 9th day of September, 1921.

"L. A. Thames, Notary Public.

"Filed Mar. 7, 1922, at 1 o'clock P. M.

"W. H. Jones, Clerk.

"Recorded in Deed Book No. 5, at page 178."

Several demurrers to amended bills were overruled, and that is one of the main assignments of error here.

By the demurrers, this question was raised—Is the instrument in question a deed or a will? Or, to put it more forcibly, is the instrument a deed or is it testamentary in character?

This language in the instrument determines the decision of the case: "It is provided herein and made a part hereof, that this deed is not to take effect until the death of W. N. Ates one of the grantors except that the grantee is to have a home on said land."

Although the instrument is in form a deed, and it is so denominated by the maker thereof, yet, we look to the legal effect of the instrument to determine whether or not it conveys a present interest or estate in the lands. The statement is positive, emphatic and unequivocal that this deed is not to take effect until the death of W. N. Ates, one of the grantors. If this statement stood alone, under all of the decisions of this Court, the instrument would be declared to be testamentary in character and not enforcible as a deed.

It is insisted by appellee, in order to uphold the decree of the chancellor, that the language immediately following, "except that the grantee is to have a home on said land," conveyed a home in praesenti, and the grantor conveyed by that statement the highest right and interest that could be conveyed. A casual glance will reveal that the grantor undertook to convey a home in the most general way that could have been adopted. This description of the home is wholly inadequate to convey an interest or estate in the land. No particular description of the place to be occupied on this land by the

grantee is to be found in this statement. If it were enforcible, the grantee could have established a home on any single acre thereof for any time he chose. Such a description is wholly void for uncertainty, and does not convey, in the broad language used, any interest or estate in any particular part of the land. The purported deed, therefore, will be read as if the exception quoted were not therein. The rule applicable to this case is most forcibly stated in the case of Knight v. Knight, 133 Miss. 74, 97 So. 481: "In determining whether an instrument is a deed or a will the controlling question is: Did the maker intend to convey any estate or interest whatever to vest before his death and upon the execution of the writing? Or, on the other hand: Did he intend that all the interest and estate in the land attempted to be conveyed should take effect only after his death? If the former, it is a deed; if the latter, a will. It is wholly immaterial whether he calls it a will or a deed, for the instrument will have operation according to its legal effect. Wall v. Wall, 30 Miss. 91, 64 Am. Dec. 147; Thomas v. Byrd, 112 Miss. 692, 73 So. 725; Simpson v. McGee, 112 Miss. 344, 73 So. 55, 11 A. L. R. 4; Cox v. Reed, 113 Miss. 488, 74 So. 330, 11 A. L. R. 5; Kelly v. Covington, 119 Miss. 658, 81 So. 485."

Applying this test, the instrument is testamentary in character, and is not enforcible as a deed; and is ruled by Tapley v. McManus, 175 Miss. 849, 168 So. 51, and the authorities cited therein.

If the instrument had sufficiently described the land in the one hundred and twenty acre tract which the grantee would occupy as a home, conveying a present interest in that particular lot in praesenti, would that grant then include the whole tract, or be limited to that thus described? We do not now decide that question, as we have determined that the instrument is void for uncertainty.

Appellee argues, without authorities presented in his brief, that the grantee herein, was entitled to hold the

lands by adverse possession. It was not alleged in the pleadings, nor does it appear in the proof, that the appellee was ever in exclusive possession of these lands. Exclusive possession is essential to establish adverse possession. See McCaughn v. Young, 85 Miss. 277, 37 So. 839.

The decree of the court below is reversed and the bill herein is finally dismissed.

Reversed and decree here for appellant.