GASTON *et al. v.* MITCHELL *et al.*

(In Banc.   Dec. 8, 1941.   Suggestion of Error Overruled Feb. 23, 1942.)

[4 So. (2d) 892.   No. 34725.]

J. H. O'Neal, of Clarksdale, for appellants.

**W. W. Venable**, of Clarksdale, for appellees.

Argued orally by **J. H. O'Neal**, for appellant, and by **W. W. Venable**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Charles Gaston in 1905 executed and delivered to his wife, Selina Gaston, an instrument in the following language: "For and in consideration of One Dollar cash paid the receipt of which is hereby acknowledged, and for the further consideration of love and affection I hereby convey and warrant unto my wife, Selina Gaston, the following described property, to-wit: Southeast quarter of northwest quarter, section twenty-two, township twenty-eight, range three west, in Coahoma County, Mississippi. The above conveyance to take effect and be in force at the time of my death, I hereby retaining a lifetime interest in the above property, but should my above wife, Selina Gaston, die before I do, then this instrument shall be void." This instrument was acknowledged and filed for record. Shortly thereafter grantor died, and in 1934 Selina Gaston, who occupied the lands thereafter, executed a deed of trust in favor of J. B. Mitchell, purporting to convey to the trustee, in trust, the entire estate described in the quoted instrument. In 1936 Selina Gaston died intestate, leaving nine children.

Appellants are the children of the grantor, and in their bill as amended they attack the validity of the debt secured by the trust deed, and particularly allege the inefficacy of the trust deed to convey a greater interest in the property than an undivided one-tenth interest. This contention involves an attack directly upon the alleged deed to Selina Gaston as being inoperative either as a deed or will and, invoking the theory that their father died intestate, they prayed for and obtained an injunction against the foreclosure by appellees of the deed of trust as a conveyance of the entire interest in the property. The Chancellor upon final hearing decreed that the instrument was a valid deed, and dissolved the injunction.

A construction of the instrument involves the effect of the following language therein; "The above conveyance to take effect and be in force at the time of my death."

We are no longer free to rationalize as to the effect of such a provision. It has repeatedly been held by this Court to be testamentary and inoperative to vest any interest in praesenti. Its plain language is not susceptible of a construction only the delivery and enjoyment of the property is to be withheld, but in specific terms provides that the conveyance itself is to be effective as such, not from the date of its execution, but at grantor's death. Cunningham v. Davis, 62 Miss. 366; Simpson v. McGee, 112 Miss. 344, 73 So. 55, 11 A. L. R. 4; Thomas v. Byrd, 112 Miss. 692, 73 So. 725; Cox v. Reed, 113 Miss. 488, 74 So. 330, 11 A. L. R. 5; Martin v. Graham, 114 Miss. 653, 75 So. 447; Kelly v. Covington, 119 Miss. 658, 81 So. 485; Knight v. Knight, 133 Miss. 74, 97 So. 481; Tapley v. McManus, 175 Miss. 849, 168 So. 51; Ates v. Ates, 189 Miss. 226, 196 So. 243. The case of Rogers v. Rogers (Miss.), 43 So. 434, not reported [in State Report], appears out of harmony with the foregoing view, and was apparently overlooked until its citation in Tapley v. McManus, supra. We must hold, however, that it is ineffective to stem the tide of the foregoing decisions, all but one of which were rendered since the Rogers case.

Nor may appellees invoke the language of the instrument next following the quoted clause to vary its meaning. Such language is at least equally consistent with a failure to vest a present interest. But appellees urge well known theories of construction based upon an assumption that the grantor intended to vest a present irrevocable interest in his wife. Such construction aids are available only to interpret ambiguity. We may not follow counsel into fields of speculation as to what the grantor intended or should have intended, for we are compelled to identify his intent with his plain language. To the argument that grantor was an uneducated and illiterate man there is the answer that either (1) the language is his own and he is held to have meant what he said, or (2) the language is that of another and therefore expresses the intention of such other. Ambiguity

may not be created in order to make available rules of construction. Nor may courts seek out an intent in order to judge what was said, but rather must they judge what was meant by what was said. The obligation too often placed upon the courts to construe what was intended should not obscure the initial obligation upon a grantor to say what he means. Construction may give force to language, but may not contradict it. We are not at liberty to support an assumed intent by striking out language inconsistent therewith. On the contrary, we must take the words and reject any intent inconsistent with their obvious and accepted import.

Appellees further contend on appeal that since Selina Gaston had lived uon the property as her own for the greater part of twenty-nine years prior to the execution of the deed of trust to appellees, a complete title thereto is now vested in her by adverse possession. As to whether such possession was open, notorious, and hostile in fact is not decided (despite its probable inadequacy when adjudged in the light of the rights reserved to the widow in the homestead under Code 1930, section 1412), for the reason that such defense was not pleaded in appellee's answer, and first appears in the recitals of the final decree. Wilkinson v. Flowers, 37 Miss. 579, 584, 75 Am. Dec. 78; Ates v. Ates, supra; Griffith Chan. Prac., Sections 350, 565; 2 C. J. S., Adverse Possession, sec. 209b, page 809, Cf. Lovejoy v. McKibben, 113 Miss. 369, 74 So. 281; Goff v. Avent, 122 Miss. 86, 98, 84 So. 134. There was no sufficient basis for an adjudication of such defense.

Since the instrument in question is not sustainable as a valid deed, the rights and interests of appellants are, in view of the record before us, to be adjudged as if Charles Gaston had died intestate, under which view each inherited an undivided one-tenth interest. At the death of their mother, Selina Gaston, each of appellants became vested with an undivided one-ninth interest subject to the deed of trust in favor of appellees by which the original

one-tenth interest of Selina Gaston was by her conveyed in trust.

Reversed and remanded.

**Anderson, J.**, delivered a partially dissenting opinion on suggestion of error.

Leave out of consideration for the present the language, "The above conveyance to take effect and be in force at the time of my death": By the plain and unambiguous language of this deed Gaston conveyed the fee to his wife, conditioned on her surviving him, reserving to himself a life estate. In other words, the wife took the fee at once upon the execution of the deed, conditioned alone on her survivorship. She therefore got a conditional fee, which became absolute upon the death of her husband.

It is not disputed that such a conveyance is valid under our law. The quoted language upon which the majority opinion bases the decision of the court was a mere conclusion—it was simply the opinion of the grantor as to what his plain, specific language meant. Putting it differently, the deed provided in unmistakable language that it should take effect at once. That language should prevail over the mere opinion of the grantor as to what it meant. The grantor was trying to say that whether his wife was getting a conditional or an absolute fee depended on whether she should be living at the time of his death. In that respect the conveyance was not to take effect until his death.

It follows from this view that Knight v. Knight, 133 Miss. 74, 97 So. 481, in which I wrote the opinion, and other cases of our Supreme Court supporting it, ought to be overruled.

The other members of the court, however, disagree with me as to that position. As to the other questions involved, I join with the members of the court who hold that they are without merit, and in overruling the suggestion of error.