PEEBLES v. RODGERS.

Division A.    Feb. 19, 1951.

No. 37830 (50 So. (2d) 633)

O. M. Oates, for appellant.

McFarland & McFarland, for appellees.

McGehee, C. J.

This appeal involves the construction of an instrument which is in the form of a deed but which contains the following provision: "This deed is intended to convey all lands I now own. It is distinctly understood and agreed that grantor, is to live on, use, control, possess etc. the above described property during my lifetime, and at my death, this deed to take effect and title to vest in grantee."

It is contended by the appellant, Ella Katherine Peebles, a granddaughter of the signer of the instrument, that the same is not a deed in that it conveys no interest in the lands *in praesenti,* and that it is not sufficient as a will in that it contains no such words as "give", "devise" and "bequeath", or other language showing an intention of the signer to make a will, and is not attested by two witnesses in the manner required by Section 657, Code 1942. That section provides, among other things, in regard to the execution of a will that: ". . . if not wholly written and subscribed by himself or herself, it shall be attested by two or more credible witnesses in the presence of the testator or testatrix."

The signer of the instrument in question, F. D. Fail, who died some time during the year 1936, left surviving him a son, D. L. Fail, and a daughter, Robbie Fail, who is now the appellee Robbie Fail Rodgers. He also left surviving him a granddaughter, the appellant, Ella Katherine Peebles, as the only surviving heir at law of a deceased daughter. The surviving son and daughter filed this suit to obtain a construction of the instrument in question, and asked that in the event the Court should hold that the instrument is sufficient as a deed to convey the title to his daughter Robbie Fail her title be quieted and confirmed as against the defendant Ella Katherine Peebles, but that in the event the Court should hold the same to be testamentary in character and a will, that the same be admitted for probate in solemn form, etc. The bill of complaint also prayed for general relief, and the complainant therein was joined by her brother, D. L. Fail.

The bill of complaint alleged the relationship of the parties to F. D. Fail, deceased, that he was above the age of twenty-one years, was of sound and disposing mind and memory, and that the said instrument was executed as his own free and voluntary act and deed, and that he thereby attempted to convey to Robbie Fail, as grantee

therein, the fee simple title to the lands described in the instrument aggregating approximately seventy acres, and which constituted the farm of the signer thereof. It . was further alleged that the purported grantee lived with the purported grantor "for all of his lifetime and until his death."

The instrument recites that "In consideration of $1.00 and the natural love and affection I have for my daughter Robbie Fail, I convey and Warrant to Robbie Fail the land described as (describing the land and stating the location thereof) . . .". And then follows the provision hereinbefore quoted.

The instrument was filed for record on November 24, 1936, but it does not appear whether the same was so filed prior or subsequent to the death of F. D. Fail.

It was witnessed by R. W. Tyner, as such, and was acknowledged on the same day before Georgia Terral, the deputy clerk of T. Q. Brame, chancery clerk of Jasper County, Mississippi.

It was held in the case of Bolton v. Bolton, 107 Miss. 84, 64 So. 967, that where, ██ █ when a will was executed, there were present the testator and two witnesses and one of the witnesses signed with the testator and the other witness took the acknowledgment at the request of the testator, the will in such case was sufficiently attested.

Again, in the case of Tyson v. Utterback, 154 Miss. 381, 122 So. 496, 63 A. L. R. 1188, the notary public before whom the paper was then and there acknowledged became, in law, also a witness; citing Bolton v. Bolton, supra. In that case the paper was signed by two witnesses, and was then and there also acknowledged by the notary public, but the notary was nevertheless held to have been also a witness. We are therefore of the opinion that if the instrument here in question is sufficiently testamentary in character as to constitute a will, if properly attested, the same would meet the requirements

of a valid will in the instant case, and would be entitled to admission to probate upon proper proof being made that both R. W. Tyner and the deputy clerk before whom the acknowledgment was taken, know that the same was executed by F. D. Fail, from the facts and circumstances which transpired at the time of its execution, and if the proof otherwise meets the requirement that he then possessed the necessary testamentary capacity.

To hold that the instrument here involved is sufficient to constitute a will instead of a deed, it is necessary to distinguish the present case from that of Watts v. Watts, 198 Miss. 246, 22 So. (2d) 625. In the report of that case, the instrument there in question is fully set forth in the reporter's note to the case. It is sufficient to say that it is in all respects the same as the instrument now before us except that the controlling provision thereof reads, as follows: "The Grantor herein specifically reserves unto herself a life estate in and to the above described property, the title to same to be vested in fee simple in the said Booster Watts (the grantee) at the death of said Grantor herein."

It is to be noted that in that instrument the grantor first reserved unto herself a life estate, after having stated in the opening paragraph thereof that "I, Ellen Watts, a widow, do hereby convey and warrant unto Booster Watts the following described land" etc. We are of the opinion that the specific reservation unto the grantor of a life estate in the land by clear implication meant that she was then and there conveying the remainder to the grantee *in praesenti,* and that the provision "the title to same to be vested in fee simple in the said Booster Watts at the death of said Grantor herein", meant that the life estate and the remainder were to merge as a fee simple title in the grantee at the death of the grantor, but that nevertheless there was a conveyance of the remainder *in praesenti* at the time of the execution and delivery of the instrument.

We held in that case that the writing was not only in form a deed but also was effective as such in that it conveyed a present interest in the land, although the enjoyment thereof was postponed until the death of the maker, "when the full enjoyment merges with the previously vested interest or right." The Court therein recognized that "It is elementary that the main distinction between a deed and a will is that the former must pass a present interest in the property purported to be conveyed, whereas a will does not take effect until after the death of the testator." It is true that the Court emphasized that the instrument did not purport to be a will, that it described itself as a deed; and that the purported maker acknowledged it as such and had it recorded. However, the controlling factor was that the instrument conveyed an interest in the lands *in praesenti* to the grantee.

In 57 Am. Jur. 51, Section 20, it is stated that: "Of all instruments a will is least governed by form, the form being unimportant except as indicating the existence or absence of testamentary intent. . . . An instrument is a will where properly executed, whatever its form may be, if, without vesting a present interest or precluding the maker from revoking the disposition made, it manifests the intention of the maker to dispose of his estate after his death." And in Section 21 of the same text, p. 53, it is stated: "The absence of dispositive words such as 'give', 'devise' or 'bequeath' does not necessarily stamp an instrument as non-testamentary." And Section 24 thereof, p. 54, reads as follows: "The designation given an instrument is not conclusive concerning its testamentary character. The test is not what the instrument is called but what the person executing it designs to have it accomplish. An instrument executed in the manner required by the statute with the express intent of vesting the testator's property upon his death constitutes a valid testamentary disposition, no matter what name the testator may give it."

■■ ■ In the instant case, the controlling factor of the instrument before us is the express provision ''and at my death, this deed to take effect and title to vest in grantee.'' The test is when the instrument is to take effect as a conveyance of the property described or as to any interest therein. We think that this provision is testamentary in character under the decision of this Court in Gaston v. Mitchell, 192 Miss. 452, 4 So. (2d) 892, 893, 6 So. (2d) 318, wherein the Court said that: ''A construction of the instrument involves the effect of the following language therein; 'The above conveyance to take effect and be in force at the time of my death.'

''We are no longer free to rationalize as to the effect of such a provision. It has repeatedly been held by this Court to be testamentary and inoperative to vest any interest in praesenti. Its plain language is not susceptible of a construction that only the delivery and enjoyment of the property is to be withheld, but in specific terms provides that the conveyance itself is to be effective as such, not from the date of its execution, but at grantor's death. Cunningham v. Davis, 62 Miss. 366; Simpson v. McGee, 112 Miss. 344, 73 So. 55, 11 A. L. R. 4; Thomas v. Byrd, 112 Miss. 692, 73 So. 725; Cox v. Reed, 113 Miss. 488, 74 So. 330, 11 A. L. R. 5; Martin v. Graham, 114 Miss. 653, 75 So. 447; Kelly v. Covington, 119 Miss. 658, 81 So. 485; Knight v. Knight, 133 Miss. 74, 97 So. 481; Tapley v. McManus, 175 Miss. 849, 168 So. 51; Ates v. Ates, 189 Miss. 226, 196 So. 243.''

In the Gaston case, supra, the title was held to pass to the heirs at law of the grantor as if he had died intestate. The Gaston case does not disclose that there were two attesting witnesses to the instrument in question, but the reported case only shows that the instrument was acknowledged and filed for record. And, of course, it was signed by the purported grantor.

We are therefore of the opinion that the trial court was correct in overruling the demurrer of the appellant

to the bill of complaint, which challenged the sufficiency of the instrument as either a deed or a will.  Hence, the cause will be affirmed and remanded for further proceedings not inconsistent with the views herein expressed.

Affirmed and remanded.