LEE v. STEWART et al.*

(Division B. May 11, 1925.)

[104 So., 89. No. 24950.]

1. WILLS. *Duly attested will need not be dated.*

Under the laws of this state it is not required that an attested will
be dated, and a will duly attested by witnesses is not void be-
cause not dated.

2. STIPULATIONS. *On agreement that funeral expenses should be paid
out of property involved in will contest court may direct pay-
ment out of proceeds of land in hands of commissioner rather
than out of personal property.*

Where, in the trial of a case, it was agreed that the property in-
volved in the suit should be charged with funeral expenses, pay-
able to named persons, and that an order may be entered direct-
ing the commissioner having property involved in the suit in
custody to pay said claim, the court may, by decree, direct the

payment out of the proceeds of real estate in the hands of the commissioner rather than out of the personal property; the claim having the effect to authorize such order.

---

*Headnotes 1. Wills, 40 Cyc., p. 1098; For authorities discussing the question of necessity of dating wills, see note in L. R. A. 1916E, 500. 28 R. C. L., p. 109; 2. Stipulations, 36 Cyc., pp. 1291, 1297.

APPEAL from chancery court of Washington county.
HON. E. N. THOMAS, Chancellor.
Suit by David Lee, by Howard Dyer, guardian, against John Stewart and others. From the decree below, complainant appeals. Affirmed.

*B. B. Carmichael,* for appellant.

My position is, first: The will is invalid because not dated either in the body of the will or elsewhere and that this could not be supplied by parol, as was done over the objection of appellant; and second: If mistaken about the matter of date, the personal property, under the law of this state is primarily liable for the debts of the estate, and only secondarily, the real property, and, in either event, the husband was entitled to one-half of the real and . personal property predicated and ascertained after the payment of all debts out of the whole estate, as I will now endeavor to show, in the order named.

VALIDITY OF UNDATED WILL. I fail to find a single Mississippi case which can be said to be directly in point on the date issued. The only statutory law on the subject which prescribes the qualifications necessary to a valid will, which lays down any legal formalities, other than a nuncupative will, is found in section 3366, Hemingway's Code. This section provides two methods: An holographic will,—i. e. "wholly written and subscribed," and, second: if not in holographic form "to be attested by two or more credible witnesses, etc."

It was not the intention of the legislature, in this section of the Code, to define all the potential requisites of

wills and testaments. It will be observed from section 3366, Hemingway's Code, that unless a will is holographic in form, the question of form becomes more important, and the law requires not only the signature, but an attestation by two or more credible witnesses.

Considered from the viewpoint of fraud, imposition and the qualification of sound and disposing mind, it would seem that the question of date would be all important, indeed the *sine qua non*. It seems that unless the law requires a valid will to be dated, many cases of mental incapacity will, in the future, be converted into an instrumentality of imposition and oppression. Since a will is valid if executed during a lucid period by a deranged person, unless such will be dated, and not rest in doubtful parol, a merited contest on this issue would doubtless prove futile. Too, suppose two wills be found in existence, one dated and the other undated, or, both be undated, look at the incentive to defeat the intention of the testator and reap a harvest where one has not sown.

In *Sullivan* v. *Jones*, 93 So. (Miss.) 353, the court said: "For a letter to constitute a valid holographic will, it must be testamentary in its character, wholly written, dated and signed by the testator." The rule requiring an holographic will to be dated is discussed in a number of Louisiana cases. *Succession of Beir*, 82 So. 881.

Our court is committed to the rule requiring holographic wills to be dated and this is not mentioned in the statute; therefore, I maintain that every consideration of public policy requires will to be dated, must show on its face, the day, month, year and century in which executed and that the chancellor erred in allowing the appellees to fix the date of the purported will of Pinkie A. Lee, by parol evidence, over the objection of the appellant. No attestation clause is necessary, and if the will had been dated, I take it under the rule announced in 39 Miss. 214, and 33 Miss. 585, the attestation was sufficient in the instant case.

DEBTS PAID FROM SALE PERSONAL PROPERTY. The effect of the decree of the chancellor in this case is to require

payment of the debts of the deceased out of the proceeds of the real property, instead of the personal property, where sufficient, as required by express provision of law.

The decree of the chancellor directs the receiver of the real property to forthwith pay, the only debt shown by the records to remain unpaid against the estate, out of the proceeds of rents collected by the receiver from the real property.

While it would seem that my position is elementary, and does not need the citation of authorities, the case of *Gordon* v. *James,* 86 Miss. 799, 39 So. 18, fully sustains my contention in every particular.

Under the rule there announced, if the will of the wife be valid, in so far as the date is concerned, since David Lee, the husband, elected to take his legal share, and, this was adjudged to him by the chancellor, he is entitled to one-half of the residue of the estate, both real and personal, to be computed after all debts and the costs of administration have been paid from a sale of the personal property, if sufficient.

The chancellor, in the instant case, did the very thing which was condemned in the Gordon case, applied a portion of the proceeds of the real property to the payment of the debts of the estate, not because there was no personalty, but in order to protect and preserve the personalty itself, not only exonerating the one-half interest of the personal property which would go under the decree to the nieces of the testatrix, from the payment of any proportion of the debts of the estate, but, taxing the same against the real property and the rents therefrom which under the law passes to the heirs and not to the executor or administrator, except where the personal property is insufficient.

A decree should be entered in this court declaring the will void; otherwise, that the case should be reversed with directions that the debts of the estate be satisfied out of the personal property, if sufficient, and that the respective interest of David Lee, and the nieces of the deceased, abate ratably in the discharge of such debts.

*Lamar Watson,* for appellee.

The will in question is good in my opinion; it is perfectly specific with reference to the disposition of the properties; it is duly and legally signed by the testatrix in presence of two witnesses and is signed by two witnesses in the presence of the testatrix and in the presence of each other. The only exception that could be taken to said will is the fact that the same was not dated. The will in question was drawn under section 5078, Code 1906 and section 3366, Hemingway's Code, and it meets every requirement under those sections and bears the signature of the two witnesses required.

The will was properly probated or offered for probate with the chancery clerk as required by law; that upon final hearing counsel for appellee was only required to present the record of probation to establish a *prima-facie* case before the chancellor, but he did not stop; oral evidence was then offered by counsel for appellee, to which counsel for appellant objected and the court overruled the objection and permitted the evidence of Mrs. B. C. Mize to be admitted.

Counsel for appellant contends "it seems that unless the law requires a valid will to be dated many cases of incapacity will in the future be converted into an instrumentality of imposition and oppression. In the case at bar, no question of insanity, fraud, imposition or qualification of mind has been raised by the pleading or attempted to be proved by the evidence, hence this line of argument is foreign to the question to be passed on in this cause by this court.

The case of *Sullivan* v. *Jones,* 93 So. 333, cited by counsel does not apply to the case at bar. That case deals with a holographic will, and the will in question is not a holographic will, but was drawn as stated before under the general section of Mississippi Code 1906 section 5078 and Hemingway's Code, section 3366, and everything required in that section was met in drawing the will.

I do not see that the Louisiana case cited by counsel 82 So. 881, has any bearing on this case for the same reason that it deals with a holographic will. Counsel fails to draw the distinction between the requirement incident to a holographic will and one drawn under the general statute.

The main question is whether or not the chancellor erred in allowing oral testimony to prove the date of the will. Oral testimony is admissible to prove the date on which a will was executed. 14 Am. & Eng. Ency. of Evidence, sec. 12, 434; *Whiteman v. Whiteman,* 152 Ind. 263.

The executor of the will, who drew it at the request of testator is a competent witness in support of the will. And evidence is admissible though only slightly relevant, which tends in any way to throw light upon the issue. 14 Am. & Eng. Ency. of Evidence -C-., 432. *Dolan v. Meehan* (Tex.), 80 S. W. 99.

DEBTS PAID FROM SALE OF PERSONALTY. In the face of the mutual agreement by counsel shown on page 39 of record and the fact that nowhere in the pleading did counsel for appellant set up or claim or attempt to prove the existence or value of any personal property, and in order to meet counsel's proposition, the court would be bound to presume that there was personal property, and also presume the value of same and that it was worth enough to pay all debts of the estate.

Counsel for appellant, in my opinion, is estopped from claiming or setting up any claim to any personalty under the agreement of settlement of the funeral bill shown on page 39 of the record.

Argued orally by *B. B. Carmichael,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Lee a *non compos mentis,* by guardian filed a bill to contest the will of Pinkie Allen Lee, his wife, and, if the will should be adjudged to be valid as

a will, to renounce it and take under the statute giving him the right to renounce. The will reads as follows:

"I, Pinkie Allen, of the city of Greenville, in the county of Washington, and state of Mississippi, being of sound and disposing mind, memory and understanding, and being above the age of twenty-one, do hereby make my last will and testament in manner and form following: 1st. I give, bequeath and devise to David Lee, one dollar. 2nd. I give, devise and bequeath to my nephew, Johnnie Stewart, his heirs and assigns, forever, all of my personal property, real and mixed, of what I die possessed, except my household furniture, which I wish to leave my nieces.

"In witness whereof, I, Pinkie Allen, the maker of this will, do hereby sign my name.

"[Signed]   PINKIE ALLEN LEE."

"Attested by     MAMYE L. GIBSON.

"AGNES JONES.

"WILL GIBSON."

The contest was principally upon the ground that the will was not dated, and it is earnestly contended that a date is necessary. As indicated above, the will was witnessed by the statutory number of competent witnesses.

While the date of the will is important, and in the case of a holographic will, which is not required to be witnessed at all, it may be vital to the validity of a will for it to be dated, which we do not now decide, but in the case of attested wills there is nothing in the statute that requires attested wills to be dated, and the authorities generally hold that as to such wills the date is not necessary, unless required by statute. Alexander on Wills, section 40, p. 44; 40 Cyc. 1098. The decree of the chancellor, therefore, upholding the validity of the will is correct.

When the bill was filed the will had been probated, but no letters of administration had been granted. The deceased had been buried and a contract for the burial ex-

penses had been made with the undertakers by the devisee, Stewart, who had given a mortgage on the property devised to him to secure the undertakers their expenses in performing the services for the funeral and burial. When the cause came on for trial an agreement with reference to the funeral expenses was filed and which is as follows:

"It is agreed that the property involved in this suit may be charged with seventy dollars funeral expenses, payable to Dave and M. A. Willis, and that an agreed order may be entered, directing the commissioner to pay out of any funds in her hands belonging to the estate the seventy dollars."

When the bill was filed the court appointed a receiver to take charge of the premises occupied by the deceased in her life and to collect the rents therefrom. The funeral account agreed to be paid by Stewart seems to have amounted to about one hundred and forty dollars and had not been probated; no letters of administration having been taken out.

The chancellor entered a decree directing the seventy dollars agreed funeral expenses to be charged against the real estate, and it has been assigned for error that the expenses should have been charged solely against the personal property, and that the chancellor should have imposed the funeral expenses against the personal property and not against the real estate.

Conceding the contention to be correct, in the absence of an agreement, we think the agreement here involved permitted the chancellor to charge the funeral expenses against the property in the hands of the receiver, which consisted of real estate and rentals therefrom.

The decree of the chancellor allowed the appellant one-half of both the real and personal property, and, as we see it, his rights would not be affected adversely by the decree, as his one-half of the expense account of the funeral would have to be paid from his part of the property. Stewart has not appealed from the order, and the

decree, so far as it affects him, stands unappealed therefrom.

The judgment of the court below will therefore be affirmed.

*Affirmed.*