ESTES *v.* ESTES.

(In Banc. Nov. 11, 1946.)

[27 So. (2d) 854. No. 36201.]

Herbert Holmes and Dick R. Thomas, both of Senatobia, for appellant.

McClure & Fant, of Sardis, for appellee.

Argued orally by **Herbert Holmes**, for appellant, and by **James McClure** for appellee.

**McGehee, J.**, delivered the opinion of the court.

On November 1, 1944, Miss Mary E. Estes, an elderly lady, died in Panola County, Mississippi, leaving a brother, R. W. Estes, and two sisters, Miss Caroline Wallace Estes and Mrs. Jennie Estes McGehee, as her sole surviving heirs-at-law. Shortly thereafter, there was probated in common form, in the chancery clerk's office of said county, an instrument of writing, which was wholly written and subscribed by the said Miss Mary E. Estes, reading as follows:

"March 1939

"I give to my sister Caroline Wallace Estes everything I own (real and personal) without bond.

"[Signed] Mary E. Estes."

It appears that for a period of about twenty-five years immediately preceding the death of the deceased, she and the appellee, the said Caroline Wallace Estes, lived and kept house together; that they were about the same age, and on very friendly terms; that they owned a home where they lived together in the Town of Como, and also a country home located two or three miles therefrom, where they spent most of their time together during the summer months; that they were both very cordial and friendly with their widowed sister, the said Mrs. Jennie Estes McGehee, who owned plenty of property in her own right; and that the relationship between each of the sisters and their brother, R. W. Estes, the appellant, was somewhat unfriendly.

After the above instrument of writing had been duly probated in common form, as aforesaid, R. W. Estes, acting under the authority of Section 505 of the Code of 1942, filed his bill of complaint alleging that the said instrument was neither testamentary in character nor intended as a will; that the same was not written and signed in the handwriting of Miss Mary E. Estes, that is to say, was not holographic; and that therefore the alleged testatrix died intestate and that her property thereupon became vested in complainant and the two surviving sisters as tenants in common in equal shares under the laws of descent and distribution. And, the complainant expressly prayed that an issue of devisavit vel non be made up to determine the validity of the purported will; also, that the same be cancelled of record as a cloud upon his title, and that of Mrs. Jennie Estes McGehee, who was named as a defendant in the bill along with his other sister, the said Miss Caroline Wallace Estes.

Upon the hearing of the issue devisavit vel non, the proponent of the instrument, as beneficiary therein, introduced the probate thereof in common form, together with the proof of the facts hereinbefore stated in regard to the relationship between the parties in interest, and she further proved that during the last illness of the alleged testatrix when she was being transported in an ambulance from their country home to their home in Como, she requested of the driver that the ambulance should not depart from the house with her until a certain red pocketbook or purse should be found, in which it later developed there was found this purported will in a sealed envelope where it remained until after her death. In this pocketbook there was also found a separate sealed envelope containing instructions as to her burial, and both of which envelopes were addressed by her in care of a Mr. Sanders, who opened them after her death.

Thus it will be seen that the signer of the instrument here in question had retained the same in her possession

and under her control for more than five years prior to her death, and without the beneficiary therein even knowing of its execution so far as the record here discloses.

It is contended by the appellant, however, that the word "give" in the instrument is used in the present tense, and shows that therefore the alleged testatrix intended to make a gift of her property to her sister during her lifetime, either in fee simple or in a fiduciary capacity "without bond;" and that the instrument is insufficient as a deed of gift since the same was not delivered. However, we do not think that the use of the word "give" as the only dispositive word therein would necessarily denote an intention to vest the title of her property in the donee in praesenti. Sartor v. Sartor, 39 Miss. 760.

Nor do we think that the use of the words "without bond" can be said to evidence an intention that the donee should receive it as a trustee or other fiduciary during the lifetime of the alleged testatrix, since it will be noted that no third person is named as a beneficiary of a trust, and the instrument does not disclose any purpose for which a trust is to be established or administered.

Moreover, we think that the fact that Miss Mary expressed much anxiety over keeping the instrument in her own possession and under seal until her death, instead of delivering it to her sister Caroline, clearly indicates an intention that it should not take effect until after her death. Also, we base our conclusion as to the testamentary character of the instrument on the further fact that the use of the words "without bond" indicates that the testatrix had in mind that, even though this sister was the sole beneficiary under the will, she would likely be required to make bond in order to receive the property for the purpose of first paying the expenses of last illness and burial, etc., unless she was relieved by the expressed wish of the testatrix of making bond for that purpose.

It is next contended that the parol evidence was inadmissible to show the deceased's intention that the instrument should operate as her will. We do not think

that this contention can be sustained where the issue involved is one of devisavit vel non, under the authority of the cases of Prather v. Prather, 97 Miss. 311, 52 So. 449; Sullivan v. Jones, 130 Miss. 101, 93 So. 353; and Baker v. Baker's Estate, 199 Miss. 388, 24 So. (2d) 841.

Nor do we think that the instrument here in question is well taken to the effect that the testimony of Mrs. Jennie Estes McGehee was incompetent, where given for the purpose of upholding the validity of the instrument as a will so as to enable her sister to receive the entire estate, and which testimony was to the prejudice of her own right to receive a one-third undivided interest therein in the event the instrument had been declared to be insufficient to constitute a will. Birchett v. Hundermark, 145 Miss. 683, 110 So. 237. In other words, her testimony did not come under the condemnation of the cases of Whitehead v. Kirk, 104 Miss. 776, 61 So. 737, 62 So. 432, 51 L. R. A. (N. S.) 187, Ann. Cas. 1916A, 1051, and other like cases, which hold in effect that persons are incompetent to testify when the effect of their testimony would tend to establish their right to become the recipient of the property involved, or some part thereof. If we should hold that this witness is incompetent on the theory that at some future date the beneficiary under the will would in all probability leave all of this property to the witness by a will of her own, then we would be holding in effect that grandchildren, or other relatives whose parents are living, could never testify on an issue devisavit vel non where their parents are beneficiaries under a will of their grandfather or other ancestor. Section 1690, Code of 1942, merely provides that "a person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person . . ."

Nor do we think that the contention of the appellant is invalid because of the failure of the testatrix to specify the date of the month during which the same was executed. We are unable to see how the date of the month would become material except where a testator or testatrix does

not attain his or her majority and the capacity to make a will until some time during the particular month of the year within which the same is executed, or except where the question is one as to which of two or more wills executed during the same month and year was the last one to be executed.

We are therefore of the opinion that the action of the chancellor was correct in holding that the introduction of the probate of this instrument in common form, and the testimony hereinbefore related, was sufficient to entitle the proponent to the peremptory instruction which was granted in the absence of any contradictory evidence tendered by the appellant as contestant, and that therefore the decree whereby the trial court admitted the instrument to probate in solemn form also and declare the same to be the true last will and testament of the deceased should be affirmed.

Affirmed.

**Sydney Smith, C. J.**, did not participate in this decision.