ETHRIDGE, Chief Justice.
This appeal from a decree of the Chancery Court of Carroll County raises the issue of whether an otherwise valid holographic will is void because it has no date, where the statute requires none. The chancery court correctly held that it is not.
David L. Harrison, Jr., a resident citizen of Tennessee, owned extensive farming interests in the States of Tennessee, Arkansas and Mississippi. His will was admitted to probate in Tennessee. The present action is an ancillary proceeding in his estate, with the principal administration in Shelby County, Tennessee. On May 5, 1969, Harrison entered a hospital in Memphis for examinations and tests. On the next day, Tuesday, he asked his wife, Mrs. Madge M; Harrison, to bring from his home a yellow scratch pad so that he might write down certain things which he wanted her to do for him. On the same day she brought him the pad and wrote on it in her handwriting his directions about certain matters concerning his farm operations which he wanted her to handle. This was the last time she saw the pad until after his death. On Friday of the same week, May 9, Harrison underwent surgery, and apparently was proceeding normally toward recovery when he died on Friday, May 16. After his death, an extensive search to locate a will was made. Going through deceased’s personal effects which had been brought from the hospital, Mrs. Harrison found the yellow pad which she had taken to her husband. On a sheet still attached to the pad, near the back of it, was the following document:
Madge
Do what should be done & complete my work. I will all to you.
David Harrison
Thurs.
It is undisputed that Harrison, of sound mind and over twenty-one years of age, prepared this instrument and that it was wholly written and subscribed by him. He was survived by his widow and two children, Martha Harrison Sublette, twenty-one years of age, and Betty Burton Harrison, sixteen years old. The chancery court appointed for the minor child a guardian ad litem, who filed a petition contesting the alleged will. The adult daughter joined in the petition. The petition charged that it was invalid because it contained no date, and that, therefore, Harrison’s estate passed in equal parts to his three heirs. On substantial evidence, the trial court found that the testator wrote this instrument on Thursday, May 8, before he had surgery the next day.
*800 Section 657, Mississippi Code 1942 Annotated (1956), provides that every person who is twenty-one years of age and of sound and disposing mind has power to bequeath and devise his property, provided that the will is signed by the testator,
* * * and, moreover, if not wholly written and subscribed by himself or herself, it shall be attested by two or more credible witnesses in the presence of the testator or testatrix. (Emphasis added).
Section 657 expressly requires only that the holographic will be wholly written and subscribed by the testator. It does not require that the will be dated.
Lee v. Stewart, 139 Miss. 287, 104 So. 89 (1925), held that a will attested by the required two witnesses does not have to be dated. The Court stated:
While the date of the will is important, and in the case of a holographic will, which is not required to be witnessed at all, it may be vital to the validity of a will for it to be dated, which we do not now decide, but in the case of attested wills there is nothing in the statute that requires attested wills to be dated, and the authorities generally hold that as to such wills the date is not necessary, unless required by statute. (139 Miss, at 293, 104 So. at 89).
In Estes v. Estes, 200 Miss. 541, 27 So.2d 854 (1946), the holographic will read as follows:
March 1939
I give to my sister Caroline Wallace Estes everything I own (real and personal) without bond.
[Signed] Mary E. Estes.
The contestant argued that the date “March 1939” was inadequate, and thus the will was invalid because of testatrix’s failure to specify the day of the month when it was executed. The Court replied:
We are unable to see how the date of the month would become material except where a testator or testatrix does not attain his or her majority and the capacity to make a will until some time during the particular month of the year within which the same is executed, or except where the question is one as to which of two or more wills executed during the same month and year was the last one to be executed. (200 Miss, at 547-548, 27 So.2d at 856).
In other jurisdictions a date has been held not to be essential to the validity of a holographic will unless it is expressly required by statute. 57 Am.Jur., Wills § 636 (1948); 2 Page on Wills 292 (Bowe-Parker Rev.1960); 94 C.J.S. Wills § 168 (1956); Comment, 36 Miss.L.J. 345, 356 (1965); Annot., 147 A.L.R. 898 (1943). Since Code section 657 does not require that an otherwise valid holographic will be dated, we hold that a date on a holographic will in this jurisdiction is not essential to its validity. However, in certain cases the lack of a date on a holographic will might become highly material, where there are issues concerning testator’s age at the time of execution of the will, his mental capacity, and identity of the latest of several wills.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.